444 So.2d 1188 (1984)
STATE of Louisiana
v.
James M. GORDON.
No. 82-KA-2171.
Supreme Court of Louisiana.
January 16, 1984.
*1189 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul Carmouch, Dist. Atty., Robert Gillespie, Jr., Asst. Dist. Atty., for plaintiff-appellee.
Wellborn Jack, Jr., Jack & Jack, Shreveport, for defendant-appellant.
MARCUS, Justice.
James M. Gordon was charged in the same bill of information with three counts of distribution of cocaine in violation of La.R.S. 40:967(A) and one count of criminal conspiracy to distribute cocaine (La.R.S. 14:26 and La.R.S. 40:967(A)). Pursuant to a plea bargain, defendant pleaded guilty on February 1, 1980 to two counts of distribution of cocaine and one count of conspiracy to distribute cocaine; the remaining count was dismissed. The trial judge sentenced defendant to serve twenty years at hard labor for one of the distribution charges, five years at hard labor for the other distribution charge, and two years at hard labor for the conspiracy charge. He directed that the sentences of imprisonment be served concurrently. Further, these sentences were suspended and defendant was placed on active supervised probation for five years with the following special conditions: serve one year in the parish jail; comply with the applicable provision of La. Code Crim.P. art. 895; refrain from associating with anyone known to defendant to be violating a controlled dangerous substances law; and complete all levels of the Odyssey House program. On April 13, 1982, after a probation revocation hearing, defendant's probation was revoked and he was ordered to serve the suspended sentences with credit for time served in the parish jail and in the Odyssey House program. Upon application to this court, we granted an out of time appeal as to the sentence but denied a writ as to the probation revocation.[1] On appeal, defendant contends the trial judge erred in imposing an excessive sentence.[2]
The record reflects that undercover narcotics agents Brice and Hall of the City of Shreveport Police Department first came into contact with defendant on April 25, 1979 when they purchased one ounce of cocaine from him for $2,400. The sale was made on a Holiday Inn parking lot in Shreveport. About a month and a half later, on June 12, 1979, a second sale was made. Defendant and a co-conspirator, Michael Shade,[3] met the same agents at another *1190 Shreveport motel. Defendant and Shade proceeded to a room that had been rented by the agents. Although defendant had agreed to sell six ounces of cocaine for $14,400, he only produced three ounces, wanting to receive $7,200 before producing the other three ounces. After Agent Hall gave defendant $7,200, defendant removed three ounces of cocaine from his sock. Defendant stated that it would take about an hour to get the remaining three ounces. The agents then gave a signal to waiting police officers who entered the room by using a pass key. Upon hearing a key in the motel room door, defendant reached for what appeared to be a pistol from the "small of his back." Agent Brice pulled his pistol, told defendant to freeze, seized the weapon, and placed defendant under arrest. Chemical analysis confirmed that the substances purchased from defendant on April 25 and June 12 contained cocaine.
After a preliminary examination in which probable cause to charge defendant was found, a bond reduction hearing was held. Extensive evidence was presented on defendant's law abiding and productive life prior to his involvement with cocaine. At the time of his arrest, defendant was twenty-nine years old and had been a lifelong resident of Louisiana. He was married with two minor children, although his wife had obtained a legal separation from him in November of 1977. Nonetheless, defendant regularly paid child support until the time of his arrest. He had no prior criminal record other than a misdemeanor conviction of disturbing the peace for a "panty raid" while in college. In 1971, he was awarded a bachelor of science degree in business from Northwestern State College in Natchitoches. After serving in the United States Army from 1971 to 1973, he entered nursing school and was awarded a bachelor of science degree in nursing from Northwestern in 1976. Defendant was employed as a respiratory therapist at Schumpert Hospital in Shreveport from January of 1977 to the summer of 1978 and then again from February to May of 1979. Between the two periods of employment at Schumpert, defendant attended anesthesiologist school in Witchita, Texas.
For the first 27 of the 29 years of defendant's life prior to his arrest, he was not involved with drugs. About two years before his arrest, defendant commenced using cocaine by first "snorting" and then injecting it about a month later. By the fall of 1978 he had developed a dependency upon repeated high dosage injections. As this dependency worsened, defendant began missing work and was asked to leave his job at the hospital in May of 1979. He testified that obtaining cocaine had become an obsession and that on occasion, he injected himself as frequently as fifty times within a twelve hour period. By the time of his arrest in June of 1979, he had been injecting cocaine for about two years.
At the conclusion of the testimony, the trial judge ordered bond reduced from $75,000 to $50,000. Defendant made bond on July 3, 1979 and voluntarily went to the Odyssey House[4] facility in New Orleans. On February 1, 1980, he returned to Caddo Parish to plead guilty to two counts of distribution and one count of conspiracy. During the guilty plea colloquy, the trial judge stated that he initially believed that defendant would plead guilty to only one count. When he learned that the plea would be for several counts, he told defendant that he would modify the suspended sentence agreed upon in chambers from twelve to twenty years. After ensuring that defendant understood the change, the judge accepted the plea and imposed the sentences.
Pursuant to the plea bargain, defendant was placed on probation for five years and, as special conditions of the probation, ordered to serve one year in the parish jail and then to successfully complete the Odyssey House drug treatment program. After completing his jail time, defendant returned to the Odyssey House facility in New Orleans. He completed the residential phase of the treatment, and, while still under the supervision of the program, he returned to his old job in Shreveport. In *1191 January of 1982, traces of THC, the active ingredient in marijuana, were discovered in defendant's urine. Because of this, defendant was discharged from the Odyssey House program. At the time of the discharge, he was two to four weeks away from successfully completing all phases of the program. After a probation revocation hearing, the trial judge on April 13, 1982 revoked defendant's probation and ordered him to serve the suspended sentences with credit for time served in the parish jail and in the Odyssey House program.
Whether the trial judge erred in imposing an excessive sentence is before us for review. Defendant's plea bargain was primarily for a suspended sentence with probation whereby he would enter the Odyssey House program after serving one year in the parish jail. Because an opportunity for rehabilitation was being offered as a way to avoid imprisonment at hard labor, the length of the suspended sentence was an insignificant and non-negotiated term of the plea bargain. Hence, State v. Curry, 400 So.2d 614 (La.1981), is inapposite.
La. Const. art. 1, § 20 prohibits the imposition by law of excessive punishment. Accordingly, we have held that imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment that is enforceable on appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). Given compliance with La.Code Crim.P. art. 894.1, a sentence will not be set aside as excessive in the absence of a manifest abuse of the trial judge's wide sentencing discretion. State v. Spencer, 374 So.2d 1195 (La.1979).
The statutorily provided penalty for distribution of cocaine is imprisonment at hard labor for not less than five nor more than thirty years and a fine of not more than $15,000. Under the circumstances, we consider the twenty year sentence imposed on February 1, 1980 to be excessive. Suspension and probation does not sufficiently ameliorate the harshness of the twenty year sentence, particularly since the likelihood of breaking probation for defendant, an admitted obsessive drug addict, was not unforeseeable. Prior to his arrest, defendant led a productive life. He earned two bachelor of science degrees, had a stable employment record for one of his age, honorably served his country in the military, and had no criminal record other than for the "panty raid" while in college. Further, the circumstances of the crime did not warrant the imposition of the stiff penalty. Defendant sold a total of four ounces of cocaine on two occasions only six weeks apart to the same undercover agents. There was no evidence that defendant was a large scale distributor or that he made the sales for reasons other than to support his own habit. Hence, we find that the trial judge abused his discretion by imposing an excessive sentence. Accordingly, we must vacate defendant's sentences and remand the case to the trial court for resentencing.

DECREE
For the reasons assigned, defendant's sentences are vacated and the case is remanded to the trial court for resentencing.
NOTES
[1] 416 So.2d 120 (La.1982).
[2] Assignment of Error No. 1 is that the sentence imposed on February 1, 1980 is excessive. Assignment of Error No. 2 is that the sentence ordered "executed" on April 13, 1982 is excessive. Because of our resolution of Assignment of Error No. 1, we need not address Assignment of Error No. 2.
[3] Shade was charged by bill of information with an earlier conspiracy to distribute cocaine, five counts of distribution of cocaine, one count of conspiracy to distribute cocaine with defendant, and one count of distribution of methamphetamine. Pursuant to a plea bargain, Shade pleaded guilty to one count of distribution of cocaine and was sentenced to serve five years at hard labor.
[4] Odyssey House is an intensive drug treatment program.