470 So.2d 426 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
Willie Scott PERRY, Defendant-Appellant.
No. CR84-1078.
Court of Appeal of Louisiana, Third Circuit.
May 15, 1985.
*427 William D. Dyess, Many, for defendant-appellant.
James L. Davis, Dist. Atty., Many, for plaintiff-appellee.
Before GUIDRY, FORET and KNOLL, JJ.
KNOLL, Judge.
Defendant, Willie Scott Perry, was charged with distribution of marijuana in violation of LSA-R.S. 40:966(A). Pursuant to a plea bargain, defendant pleaded guilty and was sentenced to serve five years at hard labor. Defendant appeals his sentence on grounds that it is excessive and that the trial court failed to follow the sentencing guidelines set forth in C.Cr.P. Article 894.1. We affirm.

FACTS
In September 1983 an undercover Caddo Parish police officer and an informant went to defendant's residence in Pleasant Hill, Louisiana to purchase marijuana. Defendant, 47 years of age, sold them one bag of marijuana for $35; they discussed a later purchase of a quarter pound of marijuana for $225.

ARTICLE 894.1 and EXCESSIVENESS
Article I § 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of the sentencing court's discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
The maximum sentence for distribution of marijuana is imprisonment at hard labor for ten years and a $15,000 fine. LSA-R.S. 40:966(B)(2). Defendant's sentence of five years falls within the statutory limits. However, it is judicially recognized that a sentence, although within the statutory limit, may violate defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). The sentencing court's reasons for imposition of sentence are an important aid when we review a sentence for excessiveness. State v. Bourgeois, 406 So.2d 550 (La.1981).
LSA-C.Cr.P. Art. 894.1 provides criteria for consideration in determining whether a sentence is excessive. State v. *428 Sepulvado, supra. Even though the sentencing court need not articulate every aggravating and mitigating circumstance contained in Article 894.1, the record must reflect that adequate consideration was given to these codal guidelines in particularizing the defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983). The sentencing court's failure to adequately comply with Article 894.1 does not necessitate the invalidation of a sentence or warrant a remand for resentencing if the record clearly illuminates and supports the sentencing choice. State v. Smith, 430 So.2d 31 (La. 1983).
In the instant case, defendant contends the sentencing court failed to consider the following mitigating factors: his family stability; his hypertension and heart trouble; his employment record; his potential for rehabilitation; the circumstances surrounding his involvement; and the resulting hardship on his dependents. Defendant further contends that the sentencing court failed to state a factual basis for the record. We disagree.
The sentencing court instructed the district attorney to state the factual basis for defendant's guilty plea, which we quote herein:
"DISTRICT ATTORNEY: Your Honor, on the date set forth in the bill of indictment, an undercover Caddo policeman along with an informant, went to the residence of Willie Perry Scott for the purpose of purchasing marijuana. The agent also was wired with an electronic transmitting device at the time. He then purchased marijuana from the defendant for the price of $35 a bag for marijuana. He purchased one (1) bag from the defendant. At that time, it was also discussed, concerning a larger quantity, and a later purchase at a bigger price, a quarter pound for the sum of $225, which was never carried out, and this was a part of the agreement not to prosecute him on the conspiracy or attempt. And those are the facts that were determined."
The sentencing court considered the pre-sentence investigation, which included information concerning defendant's employment status, family and educational background, religion, health and prior offenses. At the time of the offense, defendant was under supervised probation for a prior conviction of conspiracy to commit simple burglary. At the sentencing hearing, the court stated:
"THE COURT: Court has considered the information about this defendant and about this offense by the pre-sentence investigation, and also in light of Article 894.1 of our State Code of Criminal Procedure, and having done so, concludes that the aggravating factors of that sentencing guideline article are controlling in this case, for the reason that, among others, his age is 47 years. This is a second felony offense, he having been previously sentenced to the Louisiana Department of Corrections and given probationary treatment in 1982 for conspiracy to commit simple burglary. He is, there-ore, [sic] not eligible for probationary treatment.
* * * * * *
THE COURT: Defendant has only finished the eighth grade at school. Court has considered the mitigating factors, the principal one being the fact that he is under treatment for hypertension by L.S.U. Medical Center but does not consider that to be such a mitigating factor that it would outweigh the aggravating factors in this case. Court would consider that there would be some stress involved in drug dealing, which would aggravate the hypertension situation, at least as seriously, and perhaps more seriously than a term in jail would.
For all these reasons, the Court determines that a confinement sentence is appropriate as follows: Sentence of court is that you be and hereby are sentenced to five (5) years at hard labor in the custody of the Louisiana Department of Corrections."
*429 We find that the sentencing court adequately complied with the sentencing guidelines set forth in Article 894.1. We further find that the record supports the sentencing choice. Defendant's sentence is not severe, nor is it so disproportionate as to shock our sense of justice. In view of the wide discretion granted a sentencing court in imposing its sentencing choice within the statutory limits, we cannot say that the sentencing court abused its discretion.
We therefore conclude that defendant's sentence of five years at hard labor is not excessive, and that the sentencing court adequately complied with Article 894.1.

DECREE
For the foregoing reasons, the sentence of the defendant, Willie Scott Perry, is affirmed.
AFFIRMED.