KING, Judge.
The issues presented on appeal are whether or not the trial court properly followed the sentencing guidelines of Louisiana Code of Criminal Procedure Article 894.1, and whether or not the sentence imposed is unconstitutionally excessive.
*370 Defendant was charged and tried for driving while intoxicated, third offense, in violation of LSA-R.S. 14:98. After conviction by a jury the defendant was sentenced to serve three years at hard labor without benefit of probation, parole, or suspension of sentence. Defendant timely appeals. We affirm.
FACTS
On January 3, 1984 in Sabine Parish, Louisiana, Allen Ellender Chance (hereinafter referred to as defendant) was arrested and charged with operating a motor vehicle while intoxicated, third offense, in violation of LSA-R.S. 14:98. (Defendant had twice previously, on January 7, 1981 and February 18, 1981, pled guilty to charges of operating a vehicle while intoxicated.) On October 10, 1984, defendant was tried and convicted by a jury for the offense charged. Defense counsel requested and the trial judge ordered a pre-sen-tence investigation and report. On February 12, 1985, defendant was sentenced to be confined to the custody of the Louisiana Department of Corrections for three (3) years without benefit of probation, parole or suspension of sentence.
Defendant now appeals the sentence alleging that (1) the sentencing judge failed to follow the sentencing guidelines as set forth in La.C.Cr.P. Art. 894.1; (2) the sentencing judge failed to state for the record the considerations taken into account and their factual basis, in imposing sentence as required by La.C.Cr.P. Art. 894.1(C); and (3) the sentence imposed is unconstitutionally excessive.
ASSIGNMENTS OF ERROR NUMBERS 1 AND 2
Defendant’s first and second assignments of error present the issue of whether or not the sentencing judge adequately complied with the sentencing guidelines of La.C.Cr.P. Art. 894.1. The trial court must set out specific reasons for imposing an apparently severe sentence in relation to the particular offender and the particular offense. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Morgan, 428 So.2d 1215 (La.App. 3rd Cir.1983), writ den., 433 So.2d 166 (La.1983). It is not necessary for the trial court to articulate every factor presented in La.C.Cr.P. Art. 894.1, but the record must reflect that the trial court adequately considered them in particularizing the sentence to the defendant. State v. McDermitt, 406 So.2d 195 (La.1981); State v. Morgan, supra. There are two underlying purposes of the codal requirement that the sentencing court articulate the specific reasons based on particular facts and considerations for imposing a sentence. First, it ensures that the sentence is particularized to the defendant. State v. Murdock, 416 So.2d 103 (La.1982). In addition, it aids the reviewing court in the determination of whether the sentence imposed is excessive by providing an actual indication of whether the sentencing court adequately considered the statutory guidelines. State v. Murdock, supra; State v. Forshee, 395 So.2d 742 (La.1981); State v. Perry, 470 So.2d 426 (La.App. 3rd Cir. 1985). When there is an adequate factual basis for the sentence contained in the record, a trial court’s failure to articulate every circumstance listed in La.C.Cr.P. Art. 894.1 will not necessitate a remand for sentencing. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Morgan, supra; State v. Perry, supra.
In the instant case, a pre-sentence investigation and report were ordered. The transcript of the sentencing hearing indicates that defense counsel and the sentencing judge had reviewed the pre-sentence report. At the time of sentencing, defense counsel was given the opportunity to present evidence and to make a statement. In his short statement to the court, all defense counsel said was that defendant has a severe illness and was undergoing treatment and would need to continue treatment during incarceration. It was not demonstrated that defendant could not receive adequate care and treatment if he was incarcerated.
The sentencing judge then stated the factors that he felt warranted the sentence *371 that he would impose, and he then imposed sentence on the defendant. The record reflects the following statements by the Court:
“THE COURT: The pre-sentence report in this case classifies this individual as a sixth (6th) felony offender. You have quite an extensive prior record, Mr. Chance, and by law you are not eligible for consideration for a probated sentence. As I appreciate the law, it is just a matter of how much time the Court should give you in this case. I also note that you have several pending charges in this and other areas, some of which are also felony eases. I feel in this instance that a lesser sentence than the one I am going to impose would not be justice in this case and would deprecate the seriousness of the offense. You either pled guilty or were found guilty of third offense DWI. Are you ready for sentence at this time?
THE DEFENDANT: Yes, sir.
THE COURT: It is the sentence of this court that you be confined to the Louisiana Department of Corrections for a period of three (3) years. This sentence is to be without probation, parole or suspension of sentence.”
The defendant could have received a maximum sentence of a fine of $1,000.00 and imprisonment at hard labor of five years. See LSA-R.S. 14:98. The sentencing judge, as reflected by the excerpt from the record, was very concerned about defendant’s previous felony record and his past DWI offenses, as well he should have been. Defendant’s record certainly reflects that the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution.
Defendant however avers that the sentencing judge did not take into consideration and state for the record, the mitigating factors that would warrant a lesser sentence. We note that while the sentencing judge did not specifically discuss mitigating factors the record is so complete that we can find from the record adequate facts to justify and no facts to mitigate against the sentence that was imposed.
Review of the record, along with the presentence report does not reveal any mitigating circumstances that would cast doubt on the fairness of the sentence. Defendant contends that his illness and the fact that he has a wife and step-child that are dependent upon him for support militates against imposition of such a sentence as was handed down. However, some hardship on the family of a convicted criminal always ensues when the criminal is incarcerated. That is simply a recognized and necessary fact inherent from incarceration. Only an excessive hardship to defendant or his dependents militates against imprisonment. LSA-C.Cr.P. Art. 894.-1(B)(11). Here there is no evidence in the record that imprisonment of the defendant would entail an excessive hardship to himself or his dependents. As to any hardship caused by the illness that defendant claims he will suffer if incarcerated, there is no evidence in the record to support this contention. Defendant, by the very conduct that has placed him before this Court, has shown that he is in total disregard for his own health. There is no reason to believe nor proof to show that defendant will not receive adequate care and treatment while incarcerated. In fact, it is more probable that defendant will be better able to receive the help that he so desperately needs in order to combat his alcoholism in a penal institution. At least he will have no access to alcohol for three years. Defendant has already demonstrated that he is either unable or unwilling to handle his alcohol problem on his own. Having found that there is no evidence of mitigating factors contained in the record, we find no merit in defendant’s contentions that the sentencing judge did not follow the sentencing guidelines articulated in La.C.Cr.P. Art. 894.1.
ASSIGNMENT OF ERROR NUMBER 3
For his final assignment of error, defendant contends that the sentence imposed upon him, three years confinement to the Louisiana Department of Corrections, with *372 out benefit of probation, parole or suspension of sentence, violates his constitutional rights under Article I, § 20 of the 1974 Louisiana Constitution in that it is an excessive sentence. The maximum sentence provided for third offense operation of a motor vehicle while intoxicated is five years imprisonment with or without hard labor and a $1,000.00 fine with at least six months of the sentence of imprisonment to be served without benefit of probation, parole or suspension of sentence. LSA-R.S. 14:98(D). Defendant’s sentence falls within statutory limits.
Although a defendant’s sentence falls within the statutory limits, it is judicially recognized that a sentence, although within statutory limits, may violate defendant’s constitutional rights against excessive sentencing. State v. Sepulvado, supra; State v. King, 471 So.2d 1181 (La.App. 3rd Cir.1985); State v. LaGrange, 471 So.2d 1186 (La.App. 3rd Cir.1985). While the trial court has broad discretion in imposing sentences, that discretion is not unbridled. State v. Tilley, 400 So.2d 1363 (La.1981); State v. LaGrange, supra. The defendant’s constitutional right against an excessive sentence is enforceable by a reviewing court. State v. Davis, 449 So.2d 452 (La.1984).
The standard on appeal for determining whether a sentence imposed by a trial court is unconstitutionally excessive has been established by this court as follows:
“[A] sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980). In determining whether the penalty is grossly disproportionate, the court must consider ‘the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.’ Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).” State v. Morgan, 428 So.2d 1215, at page 1216 (La.App. 3rd Cir.1983).
After careful review of the record and the law involved in this case we find that the sentencing judge has not abused his discretion in imposing this particular sentence upon defendant. A trial judge has wide discretion in the imposition of sentence within statutory limits, and a sentence should not be set aside as excessive in the absence of clear abuse of that discretion. State v. Jones, 381 So.2d 416 (La.1980). This sentence of three years falls within the midrange of the statutory limits of imprisonment, and no fine at all was imposed. Defendant has been convicted for third offense driving while intoxicated. LSA-R.S. 14:98 specifically provides for greater punishment for repeat offenders. Under LSA-R.S. 14:98(D), a person convicted of third offense driving while intoxicated must serve a minimum of one year imprisonment, at least six months of which shall be served without benefit of probation, parole, or suspension of sentence. By violating LSA-R.S. 14:98 on three occasions, defendant has demonstrated his total lack of respect for the laws of our state and the safety of its citizens. In addition, the defendant is a sixth felony offender whose “rap sheet” runs for pages. This further reflects defendant’s lack of respect for the law and the rights of others. Under the circumstances of this case, we find that the sentence of three years confinement to the Louisiana Department of Corrections without benefit of probation, parole, or suspension of sentence is not so disproportionate to the crime committed as to shock our sense of justice and it is therefore not unconstitutionally excessive.
For the foregoing reasons, we affirm the sentence imposed by the trial court.
AFFIRMED.