KNOLL, Judge.
Defendant was charged by Grand Jury indictment with two counts of distribution of cocaine, violations of LSA-R.S. 40:967A, and possession of between 28 and 200 grams of cocaine, a violation of R.S. 40:967F(1). After pleading guilty to two *1199 counts of distribution of cocaine, the possession charge was nolle prosequied, and defendant was sentenced on one count of distribution to serve five years at hard labor, and on the other count of distribution to serve five years at hard labor, with two years of the latter sentence to run consecutively to the former distribution sentence. Defendant, a first offender, appeals, contending the sentencing judge failed to articulate his reasons for the sentences imposed as required by LSA-C.Cr.P. Art. 894.1, and that the sentences imposed are constitutionally excessive. We affirm.
Article I Section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Cann, 471 So.2d 701 (La.1985). The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of that discretion. State v. Gordon, 444 So.2d 1188 (La.1984).
The maximum sentence for distribution of cocaine is imprisonment at hard labor for no more than 30 years and a $15,000 fine. Defendant’s sentences fall within the statutory limits. Nonetheless, it is judicially recognized that a sentence, although within the statutory limit, may violate defendant’s right against excessive punishment. State v. Spencer, 374 So.2d 1195 (La.1979). The sentencing court’s reasons for imposition of sentence are an important aid when we review a sentence for excessiveness. State v. Bourgeois, 406 So.2d 550 (La.1981).
LSA-C.Cr.P. Art. 894.1 provides guidelines to follow in the imposition of sentence and mandates that the sentencing judge state for the record the considerations taken into account and the factual basis for his conclusions in imposing sentence to assure that each sentence is individualized to the offender as well as the offense. State v. Trahan, 412 So.2d 1294 (La.1982). Even though the sentencing court need not articulate every aggravating and mitigating circumstance contained in Article 894.1, the record must reflect that adequate consideration was given to these codal guidelines in particularizing defendant’s sentence. State v. Perry, 470 So.2d 426 (La.App. 3rd Cir.1985). The sentencing court’s failure to adequately comply with Article 894.1 does not necessitate the invalidation of a sentence or warrant a remand for resentencing if the record clearly illuminates and supports the sentencing choice. State v. Smith, 430 So.2d 31 (La1983).
In the present case, defendant contends the sentencing court failed to consider a probationary sentence; failed to focus its attention on the individual defendant and instead stressed the seriousness of the offense; relied upon unsupported assumptions concerning defendant’s involvement with drug trafficking; and failed to state a factual basis for its statement that it was following the sentencing guidelines.
In sentencing defendant, the sentencing court stated:
“Well the Court is going to consider the seriousness of the offenses charged. I don’t know what Mr. Logan’s reasons were for rejecting any plea bargaining agreement, but of course I don’t think that this Court should consider that. 1 have a presentence investigation report that shows essentially the things as pointed out by the District Attorney’s office. I also call attention and would attach them to the presentence investigative report, a letter from ... several letters, as a matter of fact ... from friends and relatives of Mr. Logan ... a Mrs. Sharon Mucksley, a letter from Regina Mosley, a letter from Ruby W. Smith of the Adult Education Department, and a letter from O.J. Logan, whom I presume is Mr. Logan’s father ... all of whom attest to the good nature of Mr. Logan. Of course the Court is considering those in sentencing Mr. Logan and in following the guidelines *1200 for sentencing as provided by the Code of Criminal Procedure. Taking all of that into consideration, and in consideration of the seriousness of the offense, Mr. Logan, this Court views the distribution of cocaine as a very major crime_ a very serious crime. Apparently you have been doing it. Apparently you dealt cocaine with impunity on two or three different occasions. Even though you are a first offender, you didn’t step into a minor crime. You stepped into the big time in dealing in cocaine. Drug distribution has always been considered by this Court to be a crime of utmost seriousness ... of an utmost heinous nature. ”
The sentencing court’s remarks indicate that in mitigation of defendant’s sentence it considered the presentence investigation report, the letters of recommendation, and defendant’s status as a first felony offender. The statement clearly shows the court’s awareness of and consideration of the guidelines of Article 894.1. There is no merit to defendant’s contention that the sentencing court impermissibly considered other drug involvement for which there was no evidence. Defendant’s indictment was for two counts of distribution of cocaine on two separate days, and a charge, though later nolle prosequied, for the possession of a larger amount of cocaine than was previously distributed. Likewise, the sentencing court’s statement does not reflect that its sentencing choice was overshadowed by the seriousness of the offense.
Furthermore, even if we found the sentencing judge failed to adequately consider the statutory guidelines, where the sentence imposed is not apparently severe and in the lower range of the sentencing scale, an appellate court need not remand for compliance with Article 894.1. State v. Vital, 491 So.2d 180 (La.App. 3rd Cir.1986). Defendant’s sentences are in the lower range.
Defendant argues that the sentencing court should have imposed a probated sentence because this was his first felony offense. In light of defendant’s multiple drug dealings to undercover agents as well as his possession of more cocaine, we find that the sentencing court did not abuse its discretion in finding defendant was not entitled to a probated sentence. The sentencing court’s imposition of the minimum permissible sentence of incarceration demonstrates the court’s consideration of the applicable mitigating factors. There is no abuse in the sentencing court’s decision not to suspend defendant’s sentences.
Defendant next argues that the sentencing court erred in imposing part of his sentence consecutively. LSA-C.Cr.P. Art. 883 vests discretion with the sentencing court to determine whether sentences should run consecutively or concurrently. The two offenses to which defendant pleaded guilty were separate acts committed on two separate days. Sentences of imprisonment for the conviction of two or more offenses neither based on the same act or transaction, nor constituting parts of a common scheme or plan, shall be served consecutively unless otherwise directed. LSA-C.Cr.P. Art. 883. Based on the mandate of Article 883 and the sentencing court’s wide discretion, we find no abuse in discretion of the sentencing court ordering part of defendant’s sentences to be served consecutively.
Finally, defendant argues that his sentences are excessive, and directs our attention to State v. Dondis, 467 So.2d 152 (La.App. 3rd Cir.1985), vacated and remanded, 488 So.2d 454 (La.App. 3rd Cir.1986), and State v. Gordon, supra. Our decision in Donáis for non-compliance with Art. 894.1 is distinguishable. The defendant in Donáis received the maximum sentence for possession of cocaine, whereas in the present case defendant received the minimum sentence for distribution of cocaine. Likewise, State v. Gordon, supra, is inapplicable. The focus of the court’s attention in Gordon was the harsh effect of a 20 year sentence for distribution on a defendant who was a known, admitted drug addict.
*1201 We find the record overwhelmingly supports the sentencing choice. In view of the sentencing court’s wide discretion in imposing its sentencing choice within the statutory limits, we find defendant’s sentences are neither so disproportionate as to shock our sense of justice nor an abuse of the sentencing court’s discretion. Therefore, we do not find defendant’s sentences constitutionally excessive.
DECREE
For the foregoing reasons, defendant’s sentences are affirmed.
AFFIRMED.