KNOLL, Judge.
Defendant, Donald H. Nowacki, pleaded guilty to simple burglary, a violation of LSA-R.S. 14:62. The sentencing court imposed the maximum sentence of twelve years at hard labor. Defendant appeals, contending the trial court erred: (1) in failing to comply with the sentencing guidelines of C.Cr.P. 894.1; and, (2) in imposing an excessive sentence. We affirm.
FACTS
On December 12, 1985, Donald Nowacki and Kim Downs broke into the Chicóla Clinic owned by Dr. V.F. Chicóla in Alexandria with the intent to steal drugs. Defendants were apprehended by law enforcement officers while attempting to escape. Nowacki admitted to having marijuana in his possession; a search revealed five bags of what appeared to be marijuana. Defendant was charged by bill of information with simple burglary and possession of a controlled dangerous substance with intent to distribute. As part of a plea bargain, the State agreed not to charge defendant with simple burglary of a pharmacy and to nolle prosequi the charge of possession of a controlled dangerous substance with the intent to distribute. Only defendant, Donald H. Nowacki, is before us on appeal.
The record reveals that after being properly Boykinized defendant tendered his guilty plea which was accepted by the court. A presentence investigation was ordered and the report was included in the record. The report indicated that defendant has experienced drug problems since he was seventeen years of age and has an extensive history of criminal activity. In imposing sentence, the following colloquy occurred:
“BYTHE COURT: Mr. Nowacki, you’ve got to have the worst record of anyone I’ve ever ... that’s ever come before me before. Starting 1973 in Williamstown, New Jersey ... what did they do ... what did they do to you in New Jersey, give you a one-way plane ticket out?

BY MR. NOWACKI: No, sir, I just ...I tried to quit drugs and I moved down here to get away from everything ...

BY THE COURT: I thought maybe they gave you a one-way ticket to New Orleans ‘cause after you ...I mean Baton Rouge ...

BY MR. NOWACKI: No, sir, I just ... my family’s down here and I wanted to get away from everything up there and try to, you know, start over again.

BY THE COURT: And you started over in Morgan City, then Baton Rouge.

BY MR. NOWACKI: Yes, sir.

BY THE COURT: You pled guilty to simple burglary ...

BY MR. NOWACKI: Yes sir.

BY THE COURT: ... before me. The only reason I’m giving you twelve (12) years is because that’s all the law will permit me.

BY MR. NOWACKI: Yes, sir.

BY THE COURT: I sentence you to the custody of the Department of Corrections to serve at hard labor for a period of twelve (12) years in such institution they deem fit and proper. Okay.”

SENTENCING GUIDELINES
Defendant contends the trial court erred in not properly considering the sentencing guidelines provided in LSA-C.Cr.P. 894.1. Defendant specifically contends that the trial court failed to give consideration to paragraph “A” and failed to articulate certain mitigating circumstances. Article 894.1 sets forth guidelines to ensure that each sentence is individualized to the offender and the offense. The sentencing court need not articulate every aggravating and mitigating circumstance; however, the record must reflect that it adequately considered the guidelines. State v. McDonald, 414 So.2d 735 (La.1982); State v. Smith, 433 So.2d 688 (La.1983). Where the record clearly shows an adequate factual basis for the sentence imposed remand is unnecessary, even where there has not been compliance with Article 894.1. State *1205 v. Smith, 430 So.2d 31 (La.1983); State v. Chance, 480 So.2d 368 (La.App. 3rd Cir.1985); State ¶. Jones, 478 So.2d 764 (La. App. 3rd Cir.1985); State v. Perry, 470 So.2d 426 (La.App. 3rd Cir.1985); State v. Rogers, 445 So.2d 174 (La.App. 3rd Cir.1984), writ denied, 446 So.2d 1230 (La.1984).
The sentencing court’s remarks indicate that in sentencing defendant it considered the presentence investigation report which weighed heavily against defendant. The report reflects that defendant had extensive involvement in criminal activities while he lived in New Jersey and continued his activities when he moved to Louisiana. Courts of law have given defendant opportunities to reform all to no avail. Although the sentencing court did not fully comply with the sentencing guidelines, we find the record clearly shows an adequate factual basis for the sentencing choice and a remand would serve no purpose.
EXCESSIVENESS OF SENTENCE
Article I, Section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of the sentencing court’s discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
The maximum sentence for simple burglary is twelve years imprisonment with or without hard labor. Defendant’s sentence falls within the statutory limite. However, even a sentence which falls within the statutory limits may violate defendant’s right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). The sentencing court’s reasons for imposition of sentence are an important aid when we review a sentence for excessiveness. State v. Bourgeois, 406 So.2d 550 (La.1981). A sentence is deemed excessive if it (1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. State v. Calloway, 432 So.2d 1064 (La.App. 3rd Cir.1983). As an additional factor, any plea bargain should be considered in determining whether the sentence is excessive. State v. Smack, 425 So.2d 737 (La.1983).
Defendant urges that the sentencing court erred in imposing the maximum sentence. We disagree. Although maximum sentences must be reserved for the most egregious and blameworthy of offenders, State v. Walker, 476 So.2d 1158 (La.App. 3rd Cir.1985), the trial judge has much discretion in imposing sentence. State v. Thomas, 447 So.2d 1053 (La.1984). The sentencing court must view the circumstances surrounding the offense committed and should impose a sentence particularized to defendant’s conduct. State v. Landos, 419 So.2d 475 (La.1982).
In the present case, defendant pleaded guilty to simple burglary only after the prosecution agreed not to charge defendant with simple burglary of a pharmacy and to nolle prosequi the possession of marijuana with intent to distribute charge. In view of the possible sentences involved, it was not improper for the trial court to consider the plea bargain in imposing the maximum sentence for simple burglary. Smack, supra.
After carefully reviewing the record, we find that the record supports the sentence. Defendant admitted having a drug problem and committed the burglary in the course of obtaining drugs; accordingly, the sentencing court found that it was likely defendant would commit the crime again and that correctional treatment could be provided most effectively by imprisonment. Furthermore, the record shows that the trial judge considered the defendant’s personal *1206 history, the seriousness of the crime, and the defendant’s past criminal conduct, all of which was reflected in the presentence investigation report. State v. Quebedeaux, 446 So.2d 1210 (La.1984). The record establishes that defendant had no juvenile record, although at the age of thirty-three he was a fifth-time felon; including armed robbery, conspiracy to rob, robbery, possession of stolen property, and distribution of a controlled dangerous substance. In view of the wide discretion granted a sentencing court in imposing its sentencing choice within statutory limits, we find the sentence imposed is appropriate for this particular defendant and is not so disproportionate to the crime committed as to shock our sense of justice. See State v. Allen, 470 So.2d 650 (La.App. 1st Cir.1985); State v. Napier, 385 So.2d 776 (La.1980); State v. Brown, 410 So.2d 1043 (La.1982); State v. Caston, 477 So.2d 868 (La.App. 4th Cir.1985). Therefore, we conclude that defendant’s sentence is not constitutionally excessive.
DECREE
For the foregoing reasons, the conviction and sentence of defendant, Donald Henry Nowacki, is affirmed.
AFFIRMED.