DOMENGEAUX, Judge.
Patrick Hiram Langley, the defendant, pled guilty on December 14, 1987, to two counts of manufacturing a schedule two controlled dangerous substance and to one count of possession of a schedule two controlled dangerous substance with intent to distribute, all in violation of La.R.S. 40:967(A). The defendant was sentenced on the same day to serve eight years at hard labor and seven years at hard labor for the respective manufacturing convictions. The defendant was additionally sentenced to serve a seven year term, also at hard labor, for his conviction on the charge of possession with intent to distribute. The defendant’s eight year sentence on the manufacturing conviction and his seven year sentence on the possession with intent to distribute conviction are to run concurrently. The defendant’s remaining seven year sentence on his second manufacturing conviction is to run consecutively with the *165 sentences on his other convictions. Langley now appeals challenging his sentence.
PACTS
Langley was charged with several crimes including two counts of manufacturing methamphetamine, manslaughter, possession of methamphetamine and possession of methamphetamine with intent to distribute. He pled guilty to two counts of manufacturing methamphetamine. He also pled guilty to possession of methamphetamine with the intent to distribute. Subsequent to the defendant’s guilty pleas, the remaining charges pending against him the manslaughter charge and the possession charge were nolle pross’d.
Assignments of Error Nos. 1 and 2
Langley contends, by these assignments of error, that the Trial Court failed to comply with La.Code Crim.Proc. art 894.-1, and also erred by sentencing him to an excessive term of imprisonment. The defendant’s initial assignment maintains that the Trial Judge failed to state his reasons for sentence in violation of art. 894.1. Trial Judges are required to state for the record both the considerations taken into account and the factual basis for the imposition of a sentence. La. Code Crim.Proc. art. 894.1; State v. Schaeffer, 414 So.2d 730 (La.1982); State v. Jackson, 360 So.2d 842 (La.1978). Trial Courts do not, however, have to state every aggravating and mitigating factor to comply with the guidelines of the Code of Criminal Procedure. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984); State v. Richardson, 438 So.2d 1315 (La.App. 3rd Cir.1983). Among the elements which should be considered include: the defendant’s personal history; his prior record; the seriousness of the offense; and the likelihood of recidivism or rehabilitation. State v. Soco, 441 So.2d 719 (La.1983), appeal after remand, 508 So.2d 915 (La.App. 4th Cir.1987); State v. Ezenack, 408 So.2d 907 (La.1981).
In the case, sub judice, the Trial Court noted, inter alia, that the defendant was a thirty-seven year old first felony offender. The Court also considered the following: (1) a lesser sentence would deprecate the seriousness of the offense; (2) the record revealed that the defendant was in need of custodial incarceration; and (3) the extent of the defendant’s involvement in this offense. The Trial Judge was acutely aware of the extensive volume of drugs involved and correctly believed that it indicated that Langley was likely to continue his involvement in criminal activity if he received a lesser sentence.
The defense counsel specifically directed the Court’s attention to the fact that the defendant had a steady employment history. The defense suggested that the Trial Court only lightly considered the defendant’s employment record, his lack of a prior criminal record and the likelihood of recidivism or rehabilitation.
Noticeably absent from the defense counsel’s brief was any mention of any significant mitigating factors which the Trial Judge allegedly failed to consider. This absence is attributable to the fact that no mitigating factors other than those addressed by the Trial Judge appear in the trial record. Judge Bond adequately complied with art. 894.1 in sentencing Langley.
The defendant next maintains that two of his sentences should not have been made ordered to run consecutively and that they are excessive.[1] La.Code Crim.Proc. art. 883 vests discretion with the sentencing court to determine whether sentences should run consecutively or concurrently. The offenses to which the defendant pled guilty were separate acts committed on *166 separate days. Sentences of imprisonment for the conviction of two or more offenses, not based on the same act or transaction and not constituting parts of a common scheme or plan, shall be served consecutively unless otherwise directed. La. Code Crim.Proc. art. 883; State v. Logan, 498 So.2d 1197 (La.App. 3rd Cir.1986), writ granted in part, 503 So.2d 1013 (La.1987).[2]
The case of State v. Reed, 499 So.2d 132 (La.App. 2nd Cir.1986) involved convictions for the offense of distributing cocaine. Counts one and two occurred on the same day, but involved two different undercover law enforcement officers. Count three occurred two weeks later to one of the same officers involved in one of the earlier sales. The Second Circuit Court of Appeal determined that the two distribution charges separated by two weeks time and paid for separately were not part of a common scheme or plan. The Court arrived at this conclusion even though both sales involved the same drug and both sales involved the same undercover officer at the same location.
In the instant case the defendant pled guilty to manufacturing methamphetamine on February 9, 1986 and on January 8, 1987 and to possession of methamphetamine with the intent to distribute for an arrest which subsequently occurred. These offenses which transpired over a span of more than a year do not constitute a single act, nor were they part of a common scheme or plan. Based on the mandate of art. 883 and the broad discretion afforded the sentencing judges, we find no abuse of discretion in the defendant’s sentences.
The defendant concludes his assignments by arguing that his sentences are excessive. A sentence is unconstitutionally excessive and a violation of Article 1, § 20 of the Louisiana Constitution of 1974 if it is grossly disproportinate to the severity of the offense, or nothing more than a needless infliction of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Bonnano, 384 So.2d 355 (La.1980). Sentences, even though within statutory limits, may be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979).
Langley received sentences of eight and seven years for the manufacturing convictions and seven years for the conviction of possession with intent to distribute. Pursuant to La.R.S. 40:967(B), he could have been sentenced up to ten years on each count and fined up to $15,000.00 on each count, for a maximum possible sentence of thirty years and $45,000.00. The defendant’s sentence is, therefore, well within the statutorily permitted range.
The defendant also benefited from being allowed to plead guilty. In exchange for the defendant’s guilty plea other charges, in particular, the manslaughter and the possession of methamphetamine, were nolle pross’d. Trial Judges, in passing sentences, may properly consider the fact that a defendant benefited from a plea agreement. State v. Lanclos, 419 So.2d 475 (La.1982).
In this case Langley was dealing with a large volume of drugs. The scene was described as “rampant with bathtubs full of methamphetamine being made” and “wall to wall drugs”. In cases in which large quantities of controlled dangerous substances are involved, defendants, even first offenders, have generally received lengthy sentences. State v. Brewer, 436 So.2d 631 (La.App. 3rd Cir.1983), writ denied, 440 So.2d 148 (La.1983) [six years and a fine imposed on a first offender for the distribution of marijuana]; State v. Quimby, 419 So.2d 951 (La.1982) [nine year sentence on 44-year-old, handicapped, first offender guilty of manufacturing methamphetamine]; Bonanno, supra, [twenty-one year sentence on first offender convicted of distribution of cocaine, evidence establishing defendant was setting up a new large cocaine market]. The evidence also reveals that a shootout occurred during the raid on the defendant’s home leaving one person dead and a law enforcement officer injured. It must also be noted that Langley’s children were residing with him at the time.
*167 The defendant in this case was involved in very serious offenses and benefited from a plea agreement. In view of the numerous aggravating factors, Langley’s sentences are not needless inflictions of pain and suffering, nor are they grossly disproportionate to the crimes committed.
These assignments of error lack merit.
For the above and foregoing reasons, the sentence of Patrick Hiram Langley is affirmed.
AFFIRMED.

. The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See, State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983); State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.

. The only relief granted the defendant by the Supreme Court was credit for time served.