541 So.2d 986 (1989)
STATE of Louisiana, Plaintiff-Appellee,
v.
Donald Joseph MORAL, Jr., Defendant-Appellant.
No. CR88-536.
Court of Appeal of Louisiana, Third Circuit.
April 5, 1989.
*987 Alfred Boustany, II, Lafayette, for defendant-appellant.
Robin Rhodes, Asst. Dist. Atty., Lafayette, for plaintiff-appellee.
Before STOKER, DOUCET and KNOLL, JJ.
KNOLL, Judge.
Defendant, Donald Joseph Moral, Jr., along with a co-defendant, was charged with armed robbery, a violation of LSA-R. S. 14:64, and two counts of attempted first-degree murder, violations of LSA-R.S. 14:27 and R.S. 14:29. In this appeal we only treat the assignments of error raised by defendant, Donald Joseph Moral.
After thoroughly boykinizing defendant, and satisfying itself that defendant was acting freely, knowingly, and intelligently, the trial court accepted defendant's guilty plea to armed robbery with the understanding that defendant's maximum sentence would not exceed 25 years at hard labor without benefit of parole, probation, or suspension of sentence. In exchange for this plea, the State nolle prossed the two counts against defendant for attempted first-degree murder. After reviewing defendant's pre-sentence investigation report, the sentencing court sentenced defendant to serve 25 years at hard labor without benefit of parole, probation, or suspension of sentence, the same sentence the sentencing court earlier imposed on the co-defendant.
Defendant appeals, contending: (1) the trial court failed to comply with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1; and, (2) his sentence is excessive. We affirm.

FACTS
The charges against defendant stem from a robbery of a convenience store employee. On the night of October 19, 1986, defendant along with Mitchell Matthew Borel, the co-defendant, entered a convenience store located in Lafayette Parish, and began arguing with the store clerk. In the course of the argument, defendant and Borel pulled knives, and according to the store clerk/victim, defendant stabbed him *988 twice and took his wallet. A customer was also stabbed.

SENTENCING GUIDELINES
Defendant contends that the sentencing court erred in failing to comply with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1.
LSA-C.Cr.P. Art. 894.1 provides criteria to follow in imposing sentence and mandates that the sentencing court state for the record the considerations taken into account and the factual basis for its conclusions to insure that each sentence is individualized to the offender and the offense. State v. McDonald, 414 So.2d 735 (La. 1982). Even though the sentencing court need not articulate every aggravating and mitigating circumstance contained in Article 894.1, the record must reflect that adequate consideration was given to these guidelines in particularizing defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983). Failure to comply with Art. 894.1 does not automatically render a sentence invalid or warrant a remand for resentencing if the record clearly illumines and supports the sentencing choice. State v. Perry, 470 So.2d 426 (La.App. 3rd Cir. 1985).
In the case sub judice, defendant argues that he is a first felony offender, that his conduct was not as violent as his co-defendant, and that his age of 19 was a mitigating factor not considered by the trial court.
The record shows that prior to the imposition of sentence, the sentencing court ordered a pre-sentence investigation report. The sentencing colloquy specifically states that the sentencing court reviewed the contents of that report when it made its sentencing choice. The report indicates that defendant was 19 years of age when he committed the present offense, and that he had no prior felony convictions. Nevertheless, the pre-sentence investigation report also shows that there had not been a disposition of 1984 charges against defendant as an accessory to burglary. Further, at the time of the present offense, defendant was on one year unsupervised probation for convictions of criminal trespass, attempted theft and simple criminal damage to property, for which he received six months in the parish jail, suspended, and placed on the aforementioned unsupervised probation. Thus, we find that although the sentencing court did not specify for the record that it considered defendant's young age and the absence of a prior felony conviction, the sentencing court's reference to the pre-sentence investigation report in the sentencing colloquy indicates that it was apprised of mitigating factors, and its sentencing choice was based in part on that knowledge. State v. Simmons, 466 So.2d 777 (La.App. 4th Cir.1985).
Defendant told the probation officer who conducted the pre-sentence investigation, and again urges in brief, that since he neither stabbed the victim nor stole the store clerk's wallet, he should not have received as severe a sentence as his co-defendant. We disagree with the premise of this argument, finding contrary assertions in the record. In a supplemental report to the pre-sentence investigation, the store clerk indicated that the defendant stabbed him twice and took his wallet. The record reflects that although the sentencing court, pursuant to LSA-C.Cr.P. Art. 877, provided defendant with a copy of this supplemental pre-sentence report, and offered him the opportunity to explain or deny the accusations made against him, defendant declined to comment. Consequently, we find that if the sentencing court was swayed by this detrimental fact, it was not error for it to consider the supplemental pre-sentence investigation report, since defendant chose not to respond further.
Accordingly, even if the sentencing court did not specifically state for the record that it considered defendant's age and his status as a first felony offender, we find that the record reflects through the reference to the pre-sentence investigative report that it, nonetheless, considered these facts. Therefore, we find that the record supports factual information referred to by the sentencing court which illumines the sentencing choice, and reflects that adequate consideration *989 was given to the guidelines in particularizing defendant's sentence.

EXCESSIVENESS
Defendant contends that the sentencing court erred by imposing an excessive sentence.
Article I, Section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of the sentencing court's discretion. State v. Perry, supra, at page 427.
The maximum sentence for armed robbery is imprisonment at hard labor for not less than five years and for not more than ninety-nine years, without the benefit of parole, probation, or suspension of sentence. Defendant's sentence falls within the statutory limits. LSA-R.S. 14:64. However, even a sentence which falls within the statutory limits may violate defendant's right against excessive punishment. State v. Cottingin, 496 So.2d 1379 (La.App. 3rd Cir.1986). The sentencing court's reasons for imposition of a sentence are an important aid when we review a sentence for excessiveness. State v. Bourgeois, 406 So.2d 550 (La.1981).
It is clear that the sentencing court based its sentencing choice on the facts outlined hereinabove. Moreover, it is proper for a trial court to consider the benefits of a reduced penalty exposure which the defendant obtained as the result of a plea bargain. State v. Lanclos, 419 So.2d 475 (La.1982). In the case sub judice, defendant benefitted from entering into a plea bargain agreement wherein two counts of attempted first-degree murder were nolle prossed. Defendant committed a violent crime and inflicted physical harm on the victims with a dangerous weapon. Under these circumstances, we do not find the sentence so grossly disproportionate to the severity of the offense, in the light of harm caused to society, as to shock our sense of justice. State v. Bonanno, supra.
For the foregoing reasons, the sentence of defendant is affirmed.
AFFIRMED.