438 So.2d 1315 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Michael Anthony RICHARDSON, Defendant-Appellant.
No. CR83-352.
Court of Appeal of Louisiana, Third Circuit.
October 12, 1983.
*1316 William D. Dyess, Many, for defendant-appellant.
James L. Davis, Dist. Atty., Many, Abbott J. Reeves, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Before STOKER, LABORDE and KNOLL, JJ.
STOKER, Judge.
Defendant, Michael Anthony Richardson, entered pleas of guilty to two counts of theft of property having a value of more than $100 but less than $500.[1] He was sentenced to the maximum available penalty on the charges, two years in the custody of the Department of Corrections on each count. The trial judge also ordered that the sentences be served consecutively. On appeal Richardson complains that the trial judge failed to comply with LSA-C.Cr.P. art. 894.1 in that he did not give effect to or state for the record any mitigating circumstances to be taken into account in imposing sentence. He also claims that the sentences imposed are unconstitutionally excessive. For reasons set out below, we affirm.
In his reasons for sentence the trial judge stated that he had reviewed the pre-sentence investigation report and found that a confinement sentence was appropriate. He discounted probation due to Richardson's prior violation of probation which he was given for misdemeanor theft. This probation violation consisted of the commission of other offenses.
In deciding to impose consecutive terms, the trial judge stated that there was a "need for a length of confinement that would be provided by consecutive sentences." Reasons for this need include Richardson's recent history of criminal behavior, his prior history of theft, and the fact that the present offenses were not part of a common scheme or plan but were committed months apart. The first offense occurred on June 5, 1982 and involved the theft of six batteries and a radiator. The second offense on August 17, 1982 was the cutting and removing of timber from another person's property.
In mitigation, the trial court did consider that Richardson had no prior felony convictions *1317 and was twenty-two years old. No further mitigating factors were mentioned.
It is well settled that every aggravating and mitigating circumstance need not be articulated. The record must reflect only that the sentencing guidelines were adequately considered. State v. Knox, 425 So.2d 707 (La.1982); State v. Grey, 408 So.2d 1239 (La.1982). In our opinion, the trial judge in this case adequately complied with Article 894.1.
We also find that the sentences imposed are not constitutionally excessive for this defendant. The trial judge clearly indicated why incarceration was preferable to probation even though Richardson was eligible for probation. Despite the fact that he had no prior felony convictions, Richardson did have a history of other offenses including a conviction of misdemeanor theft for which he received probation and subsequently violated it.
Finding no error, we affirm the defendant's convictions and sentences.
AFFIRMED.
NOTES
[1] The two counts were consolidated at trial and on appeal. A separate opinion is being rendered this date on the second count in State v. Richardson, 438 So.2d 1317 (La.App. 3rd Cir. 1983).