KLEES, Judge.
I. STATEMENT OF THE CASE
The defendant and two companions, Gloria Snow and Reggie Marallo, were arrested and charged with distribution of Hydro-morphone (Dilaudid), a violation of LSA-R.S. 40:967(A)(1). Marallo pled not guilty at his arraignment on November 4, 1982. Following a one-day judge trial on February 17, 1983, the defendant was found guilty as charged. Marallo was sentenced to serve ten years at hard labor.
II. STATEMENT OF THE FACTS
On March 15, 1982 at approximately 2:40 p.m., Officer Childress of the New Orleans Police Department, D.E.A. Agent Maas and Robert Fragale proceeded to a lounge in New Orleans. Maas and Fragale entered the lounge while Childress watched from her patrol car one block away. Maas testified that Gloria Snow approached him and asked if he or Fragale wanted to buy “D’s”, a street name for Dilaudid, to which Maas answered yes. Snow then walked to a pay telephone in the lounge where she called the defendant, Lawrence Marallo. Fragale spoke with Marallo and informed him that they wished to purchase four Dilaudid pills.
At approximately 3:20 p.m., Reggie and Paul Marallo entered the lounge and sat with Maas and Fragale. The defendant reached into his pocket and handed four yellow tablets to Fragale who in turn handed them to Maas. Maas gave the defendant $180.00 for the four pills and inquired as to the availability of drugs the next day. Reggie Marallo informed him that he would have a supply the following day and that Maas could make subsequent purchases. The defendant also gave Maas a telephone number where he could be contacted. Maas left the lounge and gave the four tablets to Officer Childress.
The pills were subsequently tested and found to contain Dilaudid. The defendant was arrested and charged with this present offense.
Gloria Snow took the stand and testified that Maas and Fragale asked her where they could find the Marallo brothers. Snow stated that she did not approach Maas or Fragale and that no drug transaction took place between the defendants and Maas or Fragale.
The defendant testified in his own defense and admitted selling the pills but denied that he made any profit from the sale or that he was a pusher. The defendant’s mother testified that her son was a good boy who had some problems but he was not a pusher.

Assignment of Error No. I

By this assignment, the defendant contends that the trial court erred by not permitting a hearing on the defendant’s Motion to Suppress. The defendant also argues that the police should be forced to obtain a search warrant prior to conducting undercover activities.
The defendant’s arguments are without merit. First, there was no evidence seized from the defendant and no search of the defendant was conducted. Accordingly, the trial court’s ruling is not in error. Second, the law does not require search warrants prior to conducting undercover activities. Undercover operations *1080 are an integral weapon in the police department’s arsenal against crime and to require a warrant before such investigations would render this important tool of law enforcement ineffective.

Assignment of Error II ■

By this assignment, the defendant argues that the trial court erred in not consolidating the two charges pending against him.
The defendant was charged in this present case with one count of distribution of Dilaudid and nothing in the record indicates that the defendant was previously tried on a separate charge arising from this same transaction. If the defendant has subsequently been charged with a second offense, he may raise the issue of double jeopardy in that proceeding. (But see State v. Buckley, 344 So.2d 980 (La.1977)). Again, however, in this present case, Marallo was charged, tried and convicted on only one offense: distribution of Dilaudid.
This assignment is without merit.

Assignment of Error III

By this assignment, the defendant contends that the trial court imposed an unconstitutionally excessive sentence. The defendant argues that since Marallo was not a “pusher” but only an addict, he should not be punished as a “pusher”.
Under LSA-R.S. 40:967(A)(1), a person convicted under this statute can be sentenced to five to thirty years. Marallo was sentenced to serve ten years. This sentence can hardly be deemed severe, particularly considering the defendants previous felony convictions. See State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cain, 382 So.2d 936 (La.1980). We also note that the defendant could have been billed by the State as a multiple offender, but was not.
The defendant’s argument that an “addict” and a “pusher” should not be treated equally under the law is best addressed to the legislature. We note that the penalty is more severe for those persons convicted of distribution [40:967(B)(2) ] than for those convicted of possession [40:967(C)(2)], defendant was convicted of distribution which carries the harsher sentence.
This assignment is without merit.

Assignment of Error IV

By this assignment, the defendant maintains that the trial court erred by not compelling the State to produce an essential witness to the prosecution, the informer, Robert Fragale.
The defendant argues that Fra-gale’s testimony was necessary for a possible defense that may have been raised. However, the defendant did not issue a subpoena for Fragale. It is well settled that the defense is responsible for issuing its own subpoenas to obtain witnesses and cannot rely on the State to do so. State v. Michael Lee Staab, 430 So.2d 54 (La.1983), (Unpublished Appendix). The trial court denied defendant’s motion for a new trial stating “the role of Robert Fragale in this case as informer was well known to the defense and with diligence Fragale could have been subpoenaed”. Additionally, DEA Agent Maas was present with Fra-gale during the entire transaction and testified in detail as to the events which transpired.
This assignment is without merit.
Accordingly, the defendant’s conviction and sentence is hereby affirmed.
AFFIRMED.