472 So.2d 601 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
David A. MARKS, Defendant-Appellant.
No. CR85-160.
Court of Appeal of Louisiana, Third Circuit.
July 2, 1985.
*602 James Spruel, Jr., Lake Charles, for defendant-appellant.
Richard P. Ieyoub, Dist. Atty., Karen Price, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and DOUCET, JJ.
DOUCET, Judge.
The defendant, David A. Marks, was charged by Indictment with two counts of distribution of a controlled dangerous substance in violation of LSA-R.S. 40:967A(1). The substance involved in both counts was hydromorphone (Dilaudid). He originally pleaded not guilty to both counts. Subsequently, pursuant to a plea bargain, one of the counts was nolle prosequied, resulting in the defendant withdrawing his former plea of not guilty, and pleading guilty to the remaining count. The count to which he pleaded guilty was for selling one tablet of hydromorphone to an undercover police officer for the sum of $45.00. Hydromorphone is listed in Schedule II under La.R.S. 40:964(A), which includes substances of vegetable origin or chemical synthesis (opium and opiate), and is listed side by side with raw opium, opium extracts, opium fluid extracts, powdered opium, granulated opium, tincture of opium, codeine, morphine, and other dangerous substances. The crime to which defendant pleaded guilty is punishable by hard labor for not less than five nor more than 30 years, and may, in addition, be punishable by a fine of not more than $15,000.00.
Defendant was sentenced by the district judge to a term of 17½ years at hard labor. He appeals, arguing that this sentence was imposed without consideration of the sentencing guidelines of La.C.Cr.P. art. 894.1, and that it is unconstitutionally excessive.

LA.C.CR.P. ART. 894.1
Appellant contends that the trial judge insufficiently articulated the considerations and facts taken into account in imposing the defendant's sentence, as required by the provisions of art. 894.1.
The trial judge noted that the defendant was a felony offender, a misdemeanor offender, and had once been a probationer following a conviction for the felony theft by fraud. It is also significant to note that the record contains a 10-page pre-sentence *603 investigation report which the trial judge indicated that he reviewed and considered. This comprehensive report sets out a litany of serious offenses in which this 32 year old defendant had been involved, starting in 1969 and ending with the charges from which this case resulted. The pre-sentence report describes a person who has led a life of crime, and who will, in all probability, continue in that lifestyle.
The judge made it clear that he considered the pre-sentence report in an effort to find any mitigating factors urging leniency toward the defendant. There were none. The most positive statement that the report could make about the defendant was that he has three children. The report did mention that any probated sentences which the defendant received previously had been violated. The defendant himself was given the opportunity to present the court with any mitigating factors at the sentencing hearing, which he declined to do. The trial judge duly considered the letters submitted on behalf of the defendant urging a probated sentence, but concluded that in light of the facts before him, the defendant was unworthy of any consideration for a probated sentence. We agree.
It is well settled that every aggravating and mitigating circumstance need not be articulated. The record must reflect only that the sentencing guidelines were adequately considered. See: State v. Richardson, 438 So.2d 1315 (La.App. 3rd Cir. 1983), and the Supreme Court cases cited therein.
But even assuming, arguendo, that the district judge insufficiently articulated under art. 894.1, under such circumstances, the Supreme Court has stated that if the sentence is not apparently severe, and is in the lower range of the sentencing scale, a remand is not necessary. In this case we do not consider the sentence apparently severe. The defendant could have been sentenced to 30 years. His minimum sentence had to be 5 years. Although the defendant could have been sentenced to 25 years over the minimum sentence, he was only sentenced to serve 12½ years over the minimum. Further, following the lead of the Louisiana Supreme Court in State v. Day, 391 So.2d 1147 (La.1980), we do not consider the sentence imposed to be in the higher range of the sentencing scale. Actually, it is directly in the middle. In State v. Day, supra, our Supreme Court, while recognizing that the trial judge did not comply with art. 894.1, nevertheless rather summarily affirmed a 42½ year sentence to a 19 year old who had no significant criminal history. Evidently, our Supreme Court decided that the 42½ year sentence was in the lower range of discretion. Although the crimes in State v. Day and the one in this case differ insofar as violence is concerned, nevertheless, the principle to be followed should be the same. Proportionately, the sentence in the case at hand is more in the lower range of discretion than the sentence in State v. Day, wherein the 42½ year sentence was composed of consecutive maximum sentences for each offense.
In our opinion, the trial judge adequately complied with art. 894.1 and consequently, defendant's assignment of error in this regard is deemed to be without merit.

EXCESSIVENESS OF SENTENCE
The sentence of 17½ years at hard labor imposed by the district judge is well within the statutory limits. However, under the Louisiana Supreme Court's interpretation of art. 1, § 20 of the present Louisiana Constitution, even though a sentence falls within the statutory limits it may violate a defendant's right against excessive punishment. See: State v. Sepulvado, 367 So.2d 762 (La.1979), and subsequent similar expressions by the High Court.
The pre-sentence investigation indicates that the defendant has a long history of criminal conduct, including many arrests, several misdemeanor convictions, and at least one prior felony conviction. He has only once held a job for any extended period, and then only for a year and a half. *604 He has a history of drug and alcohol abuse. He was reputed to be an active member of the drug community. Although he sold only one tablet to the undercover police officer, he apparently had more of this dangerous drug on his person. The pre-sentence report revealed no mitigating circumstances. Consequently, we find that the facts of this case and the pre-sentence investigation reveal a more than adequate factual basis for the sentence imposed.
Since our examination of the record has revealed adequate reasons for this sentence which is within the statutory limits, it cannot be set aside as excessive unless there has been a clear abuse of discretion by the trial judge. State v. Jones, 381 So.2d 416 (La.1980).
The standard for determining whether a trial judge has abused his discretion is whether the sentence imposed is grossly disproportionate to the severity of the crime. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980). To determine whether the penalty is grossly disproportionate to the crime, we must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice. State v. Brown, 412 So.2d 998 (La.1982); State v. Beavers, 382 So.2d 943 (La.1980).
Under the circumstances revealed by our examination of the record and the danger posed to society by distribution of dangerous drugs, we cannot find that the sentence imposed is so grossly disproportionate as to shock the sense of justice. We find no abuse of discretion.
Therefore, the sentence and conviction are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs and assigns brief reasons.
DOMENGEAUX, Judge, concurring.
I file this concurring opinion to reiterate my position as to review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 529; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La. 1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; see also State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.