YELVERTON, Judge.
The defendant, Bruce Binion, was charged by bill of information with one count of forgery in Catahoula Parish. He initially pleaded not guilty, but later changed his plea to guilty in exchange for a guarantee that he would not be prosecuted on another outstanding count of forgery in Concordia Parish. The trial court accepted the guilty plea and after receipt of a presentence report, sentenced the defendant to the maximum penalty under the forgery statute, R.S. 14:72, ten years imprisonment at hard labor and a five thousand dollar fine. Defendant appeals alleging that the trial court erred in imposing an excessive sentence and in failing to comply with the requirements of La.C.Cr.P. art. 894.1. Finding no merit to either assignment of error, we affirm.
On September 18,1985, Bruce Binion and a companion cashed a $300 American Express money order at a convenience store in Jonesville. Binion supplied the identification necessary to have the money order cashed.
As Binion was leaving, store employees became suspicious and took down a partial license plate number from the car in which he was traveling. The employees then phoned the Catahoula Parish Sheriff’s of *44 fice and reported the driver’s license name and number given them, and the partial license plate number.
Sheriffs deputies contacted the National Crime Information Center and discovered that Bruce Binion was wanted in Michigan for parole violations and other offenses. Acting on that information, the sheriff's department issued an all points bulletin on Binion and other individuals involved in cashing the money order.
On September 19, 1985, Binion and his companions were arrested by Concordia Parish sheriffs deputies while trying to cash another forged American Express money order at the Louisiana Central Bank in Ferriday, Louisiana. At the time of this arrest, Binion and his accomplices were in possession of American Express money order blanks and an American Express check protector used in cashing the money orders which were discovered to have been stolen earlier in a burglary of the Shadyside Grocery located in Natchez, Mississippi, on September 13, 1985.
After defendant was convicted the trial court ordered a presentence investigation which revealed that Binion had an extensive criminal record in Michigan which we briefly detail:
1970 — Armed Robbery. Charge dismissed.
August 1972 — Fraudulent procurement of narcotics. Convicted, served 35 days.
September 1972 — Possession of a stolen car. Not prosecuted. Two counts of fraudulent procurement of narcotics. Convicted of one count and fined.
November 1972 — Violation of controlled substance law. Convicted, served 30 days.
November 1974 — Armed robbery. Convicted and sentenced to 3-5 years in Michigan State Prison.
July 1980 — Credit card overcharging. Confined 90 days in the Detroit House of Corrections.
January 1982 — Armed robbery. Convicted and sentenced to 3-10 years in Michigan State Prison.
April 1982 — Possession of a firearm while committing a felony. Convicted and sentenced to two years in Michigan State Prison.
Binion admitted to the officer compiling the report that he had been out on parole on two separate occasions from the Michigan Department of Corrections and had absconded supervision both times.
The trial court has wide discretion in determining the sentence a defendant is to receive. The trial judge’s determination will not be reversed absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983).
The record must reflect that the trial court considered the statutory sentencing guidelines set out in La.C.Cr.P. art. 894.1 but the trial judge need not articulate every aggravating and mitigating circumstance. State v. Marks, 472 So.2d 601 (La.App. 3rd Cir.1985).
The record in this case reflects that the trial judge did adequately consider the factors listed in Article 894.1. The trial judge found as a mitigating factor that no weapons or violence were involved in the crime. Aggravating factors were the defendant’s extensive criminal record and the defendant’s failure to offer to make restitution to the victim of the crime. The trial judge stated that probation was not available to the defendant due to his criminal record and his record of absconding while on parole. He also found that defendant’s record indicated that there was an undue risk that defendant would commit other crimes and that a lesser sentence would deprecate the seriousness of the crime committed. We find that the trial judge adequately stated the factual basis and his reasons in imposing the sentence and that he complied with art. 894.1 in doing so.
The defendant next contends that his sentence is excessive and therefore vio-lative of La. Const. 1974, Art. 1, § 20. A sentence which is within the statutory limit is still subject to review for excessiveness. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is excessive if it is grossly out of proportion to the severity of the crime and is nothing more than a need *45 less imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). State v. Winzer, 465 So.2d 817 (La.App. 2nd Cir.1985).
In Winzer the Second Circuit upheld a ten-year sentence given a defendant for one count of forgery. The court determined that the defendant’s significant criminal history and the fact that he had benefited from a plea bargain rendered the sentence within the trial court’s discretion. Binion has a lengthy criminal record going back to 1970 including two convictions for armed robbery and various narcotics violations. Binion, too, benefited from a plea bargain, escaping prosecution for another charge of forgery.
It is evident from the record that the defendant’s criminal record weighed heavily in the trial judge’s decision to impose the maximum sentence. We cannot say that the trial court erred in imposing the maximum sentence in this case. The sentence is affirmed.
AFFIRMED.