DOMENGEAUX, Judge.
On November 19, 1986, the defendant, Gary William Bell, pled guilty to one count of manslaughter, a violation of La.R.S. 14:31. On February 26, 1987, pursuant to a plea bargain that he would be sentenced within a specific range, the defendant was sentenced to serve fifteen years at hard labor. Defendant appeals contending that the Trial Judge failed to comply with La. Code Crim.Proc. art. 894.1 and that his sentence is excessive.[1]
*841 FACTS
Defendant was originally charged by indictment with second degree murder. Defendant entered into a plea agreement in which he pled guilty to the lesser crime of manslaughter and agreed to be sentenced to a minimum of seven years and a maximum of fifteen years. Defendant’s ultimate sentence was to be dependent upon the findings of a presentence investigation. The State also agreed not to seek enhancement of defendant’s sentence under the firearm enhancement statute.
The Trial Judge Boykinized defendant and accepted his plea, finding it knowing and intelligent. The defendant was then sentenced to the maximum, fifteen years.
ASSIGNMENT OF ERROR
By this assignment of error the defendant argues that the Trial Judge erred in failing to articulate his reasons for the sentence imposed and in rendering a sentence in violation of the constitutional mandate against cruel, unusual or excessive punishment. La. Const, art. 1, § 20 (1974).
The Trial judges are required to state for the record the considerations they take into account and the factual basis for the sentence imposed. La.Code Crim.Proc. art. 894.1; State v. Schaeffer, 414 So.2d 780 (La.1982); State v. Jackson, 360 So.2d 842 (La.1978). The trial court does not, however, have to state every aggravating and mitigating factor. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984); State v. Richardson, 438 So.2d 1315 (La.App. 3rd Cir.1983).
In sentencing the defendant, the Trial Judge stated:
I’ve got to read my reasons for sentencing into the record. I don’t do this to try to publicly embarrass you. It’s a requirement of the law that I must do. I must publicly and on the record put my reasons for sentence in a case of this nature.
Mr. Bell, the crime you’ve committed is too serious for you to receive a suspended sentence. You went to a nightclub armed with a dangerous weapon and interfered in an argument, which had nothing to do with you. After starting a fight with your victim, you could not handle this fight so you pulled your gun and you killed your victim. Another human being is now dead because of your inexcusably aggressive conduct. To give you a lesser sentence than you are to receive would lead you to the mistaken belief that to kill another human being is not a serious matter.
It is apparent that the Trial Judge considered the following factors: (1) that a lesser sentence would deprecate the seriousness of the defendant’s crime; (2) that the defendant’s conduct caused serious harm; (3) that the defendant must have contemplated that his conduct would cause serious harm; (4) that the defendant acted under no provocation; and (5) that no substantive grounds exist which would tend to justify the defendant’s criminal conduct. We do not find, as alleged by the defendant, that the Trial Judge failed to comply with article 894.1. The Court adequately stated for the record the considerations taken into account and the factual basis for the sentence imposed.
We must next consider whether a defendant who enters into a plea bargain and agrees to accept a sentence within a specified range can challenge that sentence as excessive. When the actual sentence is not part of the plea bargain, but the court expressly agrees that the sentence will be within a specified range, the Louisiana Supreme Court has indicated, at least inferentially, that the sentence may be subject to attack. State v. Bell, 412 So.2d 1335 (La.1982).
In State v. Jett, 419 So.2d 844 (La.1982) the defendant agreed to plead guilty and *842 accept consecutive life sentences for two murders in exchange for the prosecution’s agreement not to seek the death penalty. Jett appealed, contending that his sentence was excessive. The Louisiana Supreme Court considered his challenge stating that the Court was not absolutely precluded from reviewing the defendant’s sentence. The Court did not state, however, that review of sentence was constitutionally mandated in Jett.
It would be our thought, particularly under the circumstances of the instant case, where the defendant bargained and accepted a sentence within a statutorily permitted range, that he has no standing to complain. The defendant knew prior to entering his guilty plea the consequences of such a plea. Under these circumstances he should not now be allowed to object at the appellate level. We think that the defendant has waived his right to question the excessiveness of his sentence. However, in order to preclude the possibility that our Supreme Court may disagree, we conclude that it would be propitious to review this sentence on the grounds that it may be excessive.
A sentence is excessive “if it is grossly out of proportion to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain and suffering.” State v. Ratcliff, 416 So.2d 528, 534 (La.1982). The defendant in this case committed a very serious crime. He murdered another human being and he did so in a manner which exhibits no concern for his fellow man. He was originally charged with second degree murder and faced the possibility of life imprisonment. He was also subject to the sentence enhancement statute because he used a firearm. He benefited significantly from his plea bargain and we are unable to conclude that his sentence is excessive.
For the above and foregoing reasons, the sentence of Gary William Bell is affirmed.
AFFIRMED.

. The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. *841 See, State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983); State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.