FORET, Judge.
Defendant, James Reese McNease, pleaded guilty to the offenses of negligent homicide and indecent behavior with a juvenile, violations of La.R.S. 14:32 and 14:81, respectively, and was sentenced to the maximum of five years on the negligent homicide offense and two years for the indecent behavior with a juvenile offense, with the *558 sentences to run concurrently.[1] Defendant appeals, raising two assignments of error.
Defendant pleaded guilty to two separate crimes arising out of two separate fact situations. As to the negligent homicide charge, defendant was playing with a gun and shot and killed one Barry Spears. Defendant contends that the shooting was accidental in that he did not know that the gun was loaded. As to the indecent behavior with a juvenile charge, defendant, who was twenty years old at the time of the offense, admitted to having sexual relations with a girl who was fifteen years of age at the time. Defendant was charged with two counts of carnal knowledge of a juvenile but was allowed to plead guilty to one count of the lesser crime of indecent behavior with a juvenile.
Two assignments of error are raised on appeal. Firstly, defendant contends that the trial court did not comply with the sentencing guidelines set forth in C.Cr.P. art. 894.1 and secondly, defendant contends that the sentences imposed by the trial court on each offense involved are excessive.
ASSIGNMENT OF ERROR NO. 1
As to the first assignment of error, Art. 894.1 does require the trial court to state for the record the considerations taken into account, as well as the factual basis for the sentence imposed. However, in order to comply with Art. 894.1, the trial court need not state every aggravating and mitigating factor considered. However, the record must reflect that the sentencing guidelines set forth in Art. 894.1 were adequately considered. At the sentencing hearing, defense counsel informed the trial court that the defendant was a youthful, first-offender and he further advised the court that the offenses to which the defendant had plead guilty, negligent homicide and indecent behavior with a juvenile, involved criminal negligence and consensual activity.
The trial court stated at the sentencing hearing that he had reviewed the pre-sen-tence investigation report, as well as the letters submitted on behalf of the defendant, both of which were filed into the record. The pre-sentence investigation report sets forth the defendant’s personal history and lists several factors pertinent to sentencing, both aggravating and mitigating. While noting the age of the defendant as mitigating in his favor, the trial court articulated several reasons for imposing each sentence handed down in this case. Specifically, the trial court noted that there was evidence, including an eyewitness statement, to the effect that the shooting was intentional; that the defendant initially lied about the cause of death, informing the law enforcement officers that the victim had shot himself, and even going as far as to place the gun in the hand of the victim; and that marijuana butts were found at the scene of the accident. Considering all of this, the trial court stated that he felt a lesser sentence would deprecate the seriousness of the offense and that the defendant was in need of institutionalization. Insofar as the conviction on the charge of indecent behavior with a juvenile is concerned, the trial court also noted, as an additional aggravating factor, that the defendant committed this offense after having already been charged with negligent homicide. While the trial court should have articulated in more detail the factors considered in imposing sentence, both aggravating and mitigating, we feel that the trial court did satisfy the requirements of Art. 894.1. The court did review the pre-sentence investigation report and letters submitted on behalf of the defendant and did consider his age. Furthermore, it was brought to the court’s attention that the defendant was a first-offender. In State v. Richardson, 438 So.2d 1315 (La.App. 3 Cir.1983), this Court found compliance with Art. 894.1 where the trial court articulated only two mitigating factors — that the defendant had no prior *559 felony convictions and was only twenty-one years of age. The court noted that the trial court had read the pre-sentence report. We therefore find that the trial court complied with the guidelines set forth in Art. 894.1 and, accordingly, hold that defendant’s first assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
As a second assignment of error, defendant contends that the sentences imposed were excessive. As noted earlier, defendant was sentenced to the maximum of five years on the charge of negligent homicide and two years on the charge of indecent behavior with a juvenile, these sentences to run concurrently. We find that the sentences imposed by the trial court are not excessive. Defendant received the maximum sentence for his negligent homicide conviction. It is well established that maximum sentences are reserved for those cases involving the most serious violation of a particular offense and the worst kind of offender. The record indicates that the defendant may have been guilty of a more serious offense. Furthermore, defendant did attempt to cover up the offense, and there is evidence of prior criminal activity in the pre-sentence investigation report. In light of this, and given the great latitude afforded the trial court in matters such as this, we find that the sentence of five years on the negligent homicide conviction is not excessive.
As for the sentence of two years on the charge of indecent behavior with a juvenile, the factors articulated by the trial court in reference to his sentence on the negligent homicide conviction would also justify the two-year sentence on the indecent behavior with a juvenile conviction. This sentence is in the lower range of possible sentences and defendant was allowed to plea bargain to a lesser offense. Moreover, as noted above, the defendant committed this offense after having been charged with negligent homicide, which constitutes an additional aggravating factor which may be considered by the trial court. Considering this, we find that the two-year sentence on the charge of indecent behavior with a juvenile is not excessive.
For the reasons herein assigned, defendant’s convictions and sentences are affirmed.
AFFIRMED.

. The two charges, convictions, and sentences of the defendant bear -our docket #CR87-1177, which was Docket No. 9244-86; Our Docket #CR87-1178 bore Docket No. 2666-86 of the 14th Judicial District Court. The matters have been consolidated for appeal purposes, and a separate judgment will be rendered herein in CR87-1178, 525 So.2d 559 (La.App. 3 Cir.1988).