KING, Judge.
The issues presented by this appeal are whether the trial court erred in not adequately articulating the reasons for sentence and in imposing an excessive sentence.
Albert Lee Dugas (hereinafter defendant) was indicted for distribution of cocaine and for distribution of a counterfeit controlled dangerous substance. Defendant pled guilty to the charges and was sentenced to ten years for distribution of cocaine and five years for distribution of a counterfeit controlled dangerous substance. The two sentences were ordered to run concurrently with each other and consecutive to another sentence being served by defendant. Defendant now seeks appellate review of the sentences. We affirm.
FACTS
On August 18, 1986, defendant sold a white powdery substance to an undercover agent for the Calcasieu Parish Sheriffs Department, representing it to be cocaine. Again, on September 3,1986, the defendant sold 8/10ths of a gram of a white substance to the same agent, representing it to be cocaine. Both samples were tested. The substance sold on September 3rd was cocaine; the substance sold on August 18th was not cocaine but was a counterfeit controlled dangerous substance.
On March 20, 1987, a true bill was returned by the grand jury indicting the defendant on charges of distribution of cocaine, a violation of LSA-R.S. 40:967(A)(1), and distribution of a counterfeit controlled dangerous substance, a violation of LSA-R. S. 40:971(A)(1).[1] The defendant was arrested and on May 5, 1987 he was arraigned and pled not guilty to each charge. On November 2, 1987, defendant changed his plea to guilty of each charge. At that time defendant validly waived his constitutional rights and freely acknowledged his intention to plead guilty. A sentence recommendation was jointly made to the trial court by both the attorney for the State and the defendant, of six years for the distribution of cocaine and five years for the distribution of a counterfeit controlled dangerous substance to be served concurrently with each other and concurrently with another sentence being served, but the trial court rejected the sentence recommendation. After brief questioning of the defendant regarding his prior convictions, and considering that he was also serving a nine year term for a parole revocation on an aggravated battery conviction, the trial court imposed sentence. The trial judge sentenced the defendant to ten years for distribution of cocaine and five years for *612 distribution of a counterfeit controlled dangerous substance with these sentences to run concurrent with each other but consecutively to a nine year sentence for aggravated battery which defendant was then serving.
ASSIGNMENTS OF ERROR NUMBERS 1 AND 2
Defendant asserts that the trial judge did not (1) adequately articulate the factual basis and reasons for sentence and (2) that the sentence imposed upon him is cruel, unusual and excessive.
A trial judge is required to state for the record both the considerations he has taken into account and the factual basis thereof for imposition of sentence. La.C.Cr.P. Art. 894.1; State v. Duncan, 420 So.2d 1105 (La.1982); State v. Schaeffer, 414 So.2d 730 (La.1982); State v. Pollard, 438 So.2d 1208 (La.App. 2 Cir.1983), writ den., 443 So.2d 1125 (La.1984); State v. Tully, 430 So.2d 124 (La.App. 2 Cir.1983), writ den., 435 So.2d 438 (La.1983).
While a sentencing judge is not required to recite all factors set forth in La.C.Cr.P. Art. 894.1, which are a list of aggravating and mitigating factors, the record must reflect that the sentencing court adequately considered these guidelines. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984); State v. Richardson, 438 So.2d 1315 (La.App. 3 Cir.1983). The important factors which must be considered are the defendant’s personal history, prior criminal record, seriousness of the particular offense, and likelihood of rehabilitation or recidivism. State v. Soco, 441 So.2d 719 (La.1983); State v. Ezernack, 408 So.2d 907 (La.1981).
The trial court considered that defendant was presently serving a nine year sentence after parole revocation on an aggravated battery conviction that had been amended from attempted murder. The trial judge referred to defendant’s other criminal activity as burglary, theft, and marijuana possession convictions, and another burglary and theft arrest, which may have led to a conviction. The possibility that two of these five crimes may have been only arrests does not preclude their consideration in imposing sentence. State v. Marks, 472 So.2d 601 (La.App. 3 Cir.1985); State v. Sheppard, 466 So.2d 493 (La.App. 1 Cir.1985); State v. Brown, 464 So.2d 1030 (La.App. 1 Cir.1985).
The trial court considered the likelihood of recidivism based upon defendant’s previous failure to be rehabilitated and stated that any lesser sentence would deprecate the seriousness of the offenses. Defendant’s previous involvement with drug trafficking was also mentioned by the trial court as a factor in sentencing.
The purpose of La.C.Cr.P. Art. 894.1 is to facilitate appellate review of the possible overstepping of the trial court’s discretion in sentencing. Failure to fully comply with Art. 894.1 does not necessarily mandate a finding that the sentence is invalid. State v. Davis, 448 So.2d 645 (La.1984); State v. Wimberly, 414 So.2d 666 (La.1982). In Wimberly, supra at page 672, the Louisiana Supreme Court stated:
“In those cases in which we have vacated the sentence and remanded the case for resentencing in full, recorded compliance with Article 894.1, our action was not prompted simply by the sentencing judge’s failure to give his reasons for the penalty imposed. Rather, it was because, based on the inadequate record presented to us, there appeared to be a substantial possibility that the defendant’s complaints of an excessive sentence had merit. In each case, pursuant to our duty to uphold the constitution, which expressly prohibits the imposition by law of excessive punishment, we vacated the sentence and remanded the case for re-sentencing on an adequate record, including strict compliance with Article 894.1”.
Where the record reflects an adequate basis for the sentence imposed, remand for further elucidation of reasons for sentence by the trial court is unnecessary. State v. Lanclos, 419 So.2d 475 (La.1982).
The Louisiana Constitution of 1974, Art. 1 § 20 prohibits the imposition of *613 cruel, unusual or excessive sentences. Even a sentence which is within statutorily authorized limits can be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is excessive if it is grossly out of proportion to the severity of the offense and nothing more than a needless infliction of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Bonanno, 384 So.2d 355 (La.1980); State v. Winzer, 465 So.2d 817 (La.App. 2 Cir.1985).
Distribution of cocaine is punishable by not less than five years at hard labor nor more than thirty years at hard labor with a possible fine of not more than fifteen thousand dollars. La.R.S. 40:967(B)(1). Defendant’s sentence for distribution of cocaine was in the lower range of the sentencing choice permitted.
A sentence of seventeen and one-half years was found not excessive in State v. Marks, supra, for distributing one tablet of hydromorphone which is controlled and punishable under the same provisions as cocaine. A presentence report in Marks showed at least one prior felony conviction and misdemeanor convictions. The defendant in Marks also had a history of narcotics involvement. This court found the sentence not disproportionate to the severity of the crime.
In State v. Williams, 457 So.2d 902 (La.App. 3 Cir.1984), writ den., 461 So.2d 313 (La.1984), this court refused to vacate a twenty year sentence for possession of cocaine with intent to distribute. The defendant was convicted at the same time of other drug offenses and had a long history of criminal activity.
State v. Marallo, 449 So.2d 1078 (La.App. 4 Cir.1984) involved a sentence of ten years at hard labor for distribution of hy-dromorphone. The defendant asserted that, as an addict and not a pusher, ten years was excessive. The court found that defendant had previous felony convictions which could have precipitated a multiple offender bill, and that the sentence for conviction could “hardly be deemed severe, particularly considering the defendant’s previous felony convictions.”
Distribution of a counterfeit controlled dangerous substance is punishable with or without hard labor for not more than five years with a possible fine of not more than five thousand dollars. La.R.S. 40:971.1(C).
In State v. Pierre, 500 So.2d 382 (La.1987), the penalty of five years at hard labor for violations of La.R.S. 40:971.1 was found to be not unconstitutionally excessive on its face.
In State v. Ourso, 438 So.2d 1239 (La.App. 3 Cir.1983), writ den., 442 So.2d 460 (La.1983), this court upheld the maximum two and one-half years at hard labor for attempted distribution of a counterfeit dangerous substance. La.R.S. 14:27 and R.S. 40:971.1. The Ourso facts showed one previous drug conviction from which the defendant was on parole. This court found that the previous incarceration had been noted by the trial judge as not effectuating a reform and for this reason the sentence was not excessive.
The facts of this case present a sufficient basis for the maximum sentence of five years at hard labor not to be considered an abuse of the sentencing judge’s discretion. See State v. Marks, supra; State v. Jones, 381 So.2d 416 (La.1980). The defendant’s previous convictions, prior narcotics involvement, and parole revocation evidence little hope for rehabilitation. As the sentence appealed from involves an admission of dealing in narcotics on two occasions within thirty days of each other, with a previous record of arrests and convictions, it does not exceed the discretion of the trial court judge or shock our conscience as unwarranted.
Defendant’s main objection to the sentences is that they should be concurrent to the sentence he is presently serving. The imposition of concurrent sentences are the general rule for offenses arising out of the same transaction or a common scheme, and consecutive sentences are generally directed for those arising out of separate acts or plans. La.C.Cr.P. Art. 883. The trial judge is given discretion to direct other results depending on the facts before him. The trial judge in this case followed the general legislative guidelines by having the *614 two sentences defendant received as a result of his guilty pleas to dealing in narcotics served concurrently but consecutive to the aggravated battery conviction which arose out of unrelated facts. There was no abuse of sentencing discretion by the trial court in not electing to deviate in this matter from the general mandate of La.C.Cr.P. Art. 883. State v. Logan, 498 So.2d 1197 (La.App. 3 Cir.1986), amended to give credit for time served, 503 So.2d 1013 (La.1987).
For these reasons, the assignments of error lack merit and the sentences of the defendant are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.

. The indictment incorrectly refers to a violation of La.R.S. 40:971(A)(1) and not La.R.S. 40:971.1(A). However, clerical errors in statutory citations in an indictment do not warrant reversal of convictions where the defendant is adequately informed of the essential facts of the offense charged and defendant is not misled. La.C.Cr.P. Art. 464; State v. Johnson, 404 So.2d 239 (La.1981), cert. den., 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982); State v. Hamilton, 297 So.2d 419 (La.1974); State v. Deville, 457 So.2d 864 (La.App. 3 Cir.1984).