LABORDE, Judge.
On December 4, 1987, defendant, David E. Ravia, Jr., pleaded guilty to the crimes of simple burglary and theft of more than $500.00, violations of LSA-R.S. 14:62 and 14:67. On January 13, 1988, after reviewing the pre-sentence investigation report, the trial judge sentenced defendant to serve four years at hard labor on each count to run concurrently. Defendant now appeals raising two (2) assignments of error challenging his sentence.
FACTS
Defendant pleaded guilty to the June 7, 1987, burglary of D.W.’s Quick Stop in Sulphur, Louisiana. Defendant admitted that he and another man, broke through a rear door of this business and stole cigarettes, liquor, cigarette lighters, and food valued at about $1,000.00.
ASSIGNMENTS OF ERROR NUMBERS 1 AND 2
Defendant argues that the trial judge failed to comply with La.C.Cr.P. art. 894.1 because he did not set forth the factual basis underlying his sentencing decision. Defendant also contends that the trial judge erred in sentencing him to an unconstitutionally excessive sentence.
.COMPLIANCE WITH ART. 894.1
The trial judge is required to state for the record both the considerations he has taken into account, and the factual basis for imposition of the sentence. La.C. Cr.P. art. 894.1; State v. Schaeffer, 414 So.2d 730 (La.1982); State v. Jackson, 360 So.2d 842 (La.1978). The trial judge does not have to state every aggravating and mitigating factor, but the statutory guidelines in Article 894.1 must be adequately considered. State v. Quebedeaux, 424 So. 2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984); State v. Richardson, 438 So.2d 1315 (La.App. 3d Cir.1983).
Defendant contends that the trial judge merely stated his conclusions, ignoring the mandate of Article 894.1, which requires the trial judge to state the factual basis underlying his conclusions. The transcript of sentencing does not support defendant’s argument.
In the sentencing proceedings the trial judge rejected a probationary sentence because defendant had received probated sentences before and had violated the terms of his probation by committing additional crimes. The trial judge considered that defendant was a first felony offender, but was aware that the defendant had prior misdemeanor convictions for lesser grades of the instant offenses. Defense counsel pointed out, and the trial judge was aware, that this defendant had a drug abuse problem, and that this problem was a contributing cause to his criminal activity.
Important elements which should be considered in sentencing include defendant’s personal history, prior record, seriousness of the instant offense, and likelihood of recidivism, or rehabilitation. State v. Ezernack, 408 So.2d 907 (La.1981). The trial judge considered defendant’s prior record, and his chances for rehabilitation. The pre-sentence report reveals that the defendant is a twenty (20) year old with an eighth grade education. The pre-sentence report also shows that defendant has worked for a time as a sandblaster and painter, is in good health, and has no dependants.
*355 Defendant’s youth is a mitigating factor and we cannot ascertain whether the trial judge considered defendant’s age in passing sentence. The failure of the trial judge to consider one mitigating factor does not amount to a failure to comply with Article 894.1.
The trial judge considered defendant’s prior record, and his prior performance while on probation. The trial judge considered defendant’s drug addiction and the role this addiction played in this case. We find that the trial judge adequately complied with Article 894.1.
EXCESSIVE SENTENCE
Defendant next argues that the two four year concurrent sentences he received are excessive. A sentence is unconstitutionally excessive, in violation of Art. I § 20 of the Louisiana Constitution of 1974, if it is grossly disproportionate to the severity of the offense or nothing more than a needless infliction of pain and suffering. State v. Ratcliff, 416 So.2d 628 (La.1982).
Generally, the trial judge has great discretion in sentencing a defendant within statutory limits. State v. Landos, 419 So. 2d 476 (La.1982). Even sentences within statutory limits can be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979).
The defendant received two concurrent four year sentences after pleading guilty to simple burglary and theft. Defendant could have been sentenced to up to twelve (12) years on the simple burglary conviction, LSA-R.S. 14:62, and up to ten (10) years on the theft conviction, LSA-R.S. 14:67. Defendant’s sentence is in the lower range of possible sentences.
Defendant’s record reveals that he has prior convictions for offenses similar to the ones in the instant case. Defendant had been previously charged with burglary, but convicted of theft of less than $100.00 and simple criminal damage to property of less than $500.00. Defendant was also convicted of misdemeanor theft. Defendant received probated sentences for these convictions, but violated the terms of his probation. In this case, defendant pleaded guilty to the charged offenses in exchange for a recommendation by the district attorney that he receive a probated sentence.
We conclude that the trial judge did not abuse his great discretion in sentencing David E. Ravia to two (2) four year concurrent sentences. Defendant had prior convictions for lesser grades of the charged offenses. Defendant had received probated sentences before and has not capitalized on this opportunity to rehabilitate himself. While defendant’s youth and first felony offender status are significant mitigating factors, the sentences, which are in the lower range of sentences defendant could have received, are not a needless infliction of pain and suffering, or disproportionate to the crime committed. The trial judge did not abuse his discretion. This assignment of error lacks merit.
For the above and foregoing reasons, the convictions and sentences of defendant, David E. Ravia, Jr., are affirmed.
AFFIRMED.