LABORDE, Judge.
The defendant, Wilbert G. Clayton, Jr., pled guilty to the crime of attempted second degree murder, a violation of La.R.S. 14:27 and 14:30.1. He was sentenced to serve fifty years at hard labor, to run concurrent with any sentence defendant was presently serving. Defendant now appeals only to challenge his sentence.
Defendant was involved in making a drug deal when some problems arose. He pulled a firearm and fired several bullets at the other parties involved in the transaction. One bullet struck the victim in the face.
Defendant was allowed to plead guilty to the charge of attempted second degree murder. In exchange for this plea, the charge of possession of a firearm by a convicted felon was nolle prossed, and defendant was not charged as a multiple offender.
ASSIGNMENTS OF ERROR
Defendant assigns as errors that the trial court failed to adequately articulate a factual basis for his sentence and sentenced him to an unconstitutionally excessive sentence.
ARTICULATION OF REASONS FOR SENTENCE
The trial judge is required to state for the record both the considerations he has taken into account, and the factual basis, for imposition of the sentence. La.C. Cr.P. art. 894.1; State v. Schaeffer, 414 So.2d 730, 732 (La.1982); State v. Jackson, 360 So.2d 842, 843 (La.1978). Articulation of the reasons for the sentence, under Art. 894.1, is especially important in cases where the maximum sentence is imposed. State v. Brockett, 471 So.2d 867, 870 (La. App. 2 Cir.1985).
The trial court does not have to state every aggravating and mitigating factor, but the statutory guidelines in Art. 894.1 must be adequately considered. State v. Quebedeaux, 424 So.2d 1009, 1014 (La. 1982), appeal after remand 446 So.2d 1210 (La.1984); State v. Richardson, 438 So.2d 1315, 1317 (La.App. 3d Cir.1983).
Important elements which should be considered include the defendant’s personal history, prior record, seriousness of the *359 instant offense, and likelihood of recidivism or rehabilitation. State v. Soco, 441 So.2d 719, 720 (La.1983), appeal after remand, 508 So.2d 915 (La.App. 4th Cir.1987).
The trial judge in the instant case stated that the defendant was to receive the maximum possible sentence due to his prior criminal record. While he asked the defendant some questions concerning the particular facts of the charged offense, there was no mention of the seriousness of the offense in his reasons for sentencing. The trial judge failed to mention any consideration of defendant’s personal history, age, family status, education, and work history. It is clear that the trial judge failed to adequately comply with the sentencing guidelines set forth by art. 894.1.
Failure to comply with Art. 894.1 does not, however, automatically render a sentence invalid. In State v. Wimberly, 414 So.2d 666, 672 (La.1982), the court stated:
“In those cases in which we have vacated the sentence and remanded the case for resentencing in full, recorded compliance with Article 894.1, our action was not prompted simply by the sentencing judge’s failure to give his reasons for the penalty imposed. Rather, it was because, based on the inadequate record presented to us, there appeared to be a substantial possibility that the defendant’s complaints of an excessive sentence had merit. In each case, pursuant to our duty to uphold the constitution, which expressly prohibits the imposition by law of excessive punishment, we vacated the sentence and remanded the case for re-sentencing on an adequate record, including strict compliance with Article 894.1.”
As long as the record clearly reflects an adequate basis for the sentence imposed, remand is unnecessary. State v. Lanclos, 419 So.2d 475, 478 (La.1982). We will thus consider whether defendant’s sentence is excessive based upon the record.
EXCESSIVE SENTENCE
A sentence is unconstitutionally excessive, in violation of Art. I § 20 of the Louisiana Constitution of 1974, if it is grossly disproportionate to the severity of the offense or nothing more than a needless infliction of pain and suffering. State v. Ratcliff, 416 So.2d 528, 534 (La.1982). Even sentences within statutorily authorized limits can be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979).
In the instant case the defendant received the maximum possible sentence for his offense, fifty years. La.R.S. 14:30.1 and 14:27. Maximum sentences are reserved for the most egregious offenses committed by the worst offenders. Quebe-deaux, 424 So.2d at 1014. A review of the record and the pre-sentence report supports the conclusion that the defendant is just such an offender. The record reveals that the defendant contemplated causing serious harm, and that his behavior was unjustified and unprovoked. Defendant shot the victim in the face when the drug deal in which he was participating soured. The victim was hospitalized for fifteen days at a cost of over $15,000. As a result of defendant’s crime, the victim lost part of his tongue, is disfigured and suffers from a speech impediment.
Defendant benefited from being permitted to enter into a plea bargain agreement pursuant to which the charge of possession of a firearm by a felon was nolle prossed, and he was not charged as a multiple offender. A court can consider the fact that a defendant benefited from a plea bargain in sentencing. Landos, 419 So.2d at 478.
Defendant has a lengthy criminal history dating back to 1982, including convictions for possession of marijuana, assault, possession of cocaine and parole violation. Defendant has been charged with more serious offenses, but these have not resulted in convictions. Defendant’s criminal record supports the imposition of a significant sentence.
The pre-sentence report reveals few mitigating factors. Defendant is youthful, and he has young children, but defendant is not married to the children’s mother, and he does not contribute financially to the children’s support. Defendant’s incarceration will work little hardship on these children. *360 Defendant has a poor work history. He has worked on and off as a laborer, but defendant’s primary source of income, by his own admission, has come from illegal drug transactions.
Considering the seriousness of defendant’s offense, his prior criminal record, the fact that he benefited from a plea bargain, and the absence of mitigating factors, the record clearly supports defendant’s sentence. Defendant’s sentence is not a needless infliction of pain and suffering, and is not grossly disproportionate to the seriousness of this offense.
Defendant’s assignments of error lack merit. His sentence based upon his guilty plea is affirmed.
AFFIRMED.