DOMENGEAUX, Judge.
Defendant, Charles M. Berry was indicted for violating La.R.S. 40:967(A)(1), possession with intent to distribute cocaine. A search of Berry’s residence by Calcasieu Sheriff Deputies yielded 119.6 grams (approximately one-quarter pound) of cocaine. On August 17, 1987, Berry pleaded not guilty by written plea pursuant to La.C.Cr. P. art. 553(B). On December 7, 1987, the defendant changed his plea to guilty in exchange for the District Attorney nolle processing similar charges against the defendant’s wife. The defendant was subsequently sentenced to serve the minimum sentence, five years at hard labor plus a $5,000.00 fine, in default of which he was to serve one year in the parish jail. The prison term was suspended and the defendant was placed on three years supervised probation and given special conditions that he serve six months in the parish jail and pay $15.00 a month to offset the probation supervision costs.
ASSIGNMENT OF ERROR
The defendant argues that the Trial Judge failed to articulate reasons for sentencing, as is required under La.C.Cr.P. art. 894.1 and failed to consider certain mitigating factors. The defendant also contends that the sentence imposed by the Trial Judge is unconstitutionally excessive and results in cruel and unusual punishment in violation of La. Const, art. I § 20.[1]
La.C.Cr.P. art. 894.1 provides criteria to be used in determining whether a sentence is excessive and mandates that the “Trial *72 Court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence”. State v. Cox, 369 So.2d 118 (La.1979); State v. Sepulvado, 367 So.2d 762 (La.1979). The sentencing Judge need not articulate every mitigating and aggravating circumstance; however, the record should reflect that the sentencing Judge considered the guidelines in particularizing the sentence. State v. Aucoin, 500 So.2d 921 (La.App. 3rd Cir.1987); State v. Richardson, 438 So.2d 1315 (La.App. 3rd Cir.1983).
In this case, the Trial Judge’s pronouncements at sentencing were entirely devoid of the factors enumerated in Article 894.1. Failure to adequately comply with Article 894.1 does not necessitate vacating the sentence or warrant a remand for re-sentencing if the record illumines and supports the sentencing choice and the sentence is in the lower range of the sentencing scale. State v. Davis, 448 So.2d 645 (La.1984); State v. Wimberly, 414 So.2d 666 (La.1982); State v. Lanclos, 419 So.2d 475 (La.1982); State v. Rainwater, 448 So.2d 1387 (La.App. 3rd Cir.1984).
A sentence is deemed excessive if it (1) makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than the purposelessness and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. State v. Cann, 471 So.2d 701 (La.1985); State v. Ratcliff, 416 So.2d 528 (La.1982). The Trial Court is given wide discretion in imposing sentences and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
The defendant is a 53 year old married male with six children, one of which is 16 and still living at home. He claims to have a high school equivalency degree and has been consistently employed since 1958 at various jobs. Most recently, he has worked from 1964 to the present in California in the Longshoreman’s Union. He recently sold a boarding house he owned in California that was earning approximately $5,000.00 per month. He presently owns and operates the C & Y Lounge in Lake Charles which allegedly earns approximately $2,600.00 per month. His claimed net worth is in excess of $500,000.00 with substantial land holdings in Louisiana and California.
The defendant is an honorably discharged combat veteran of the Korean War era, having served from 1952 to 1954 and has had no reported prior convictions. However, he has had two arrests in California: (1) for resisting a police officer, and (2) for inflicting injury upon his wife. Both charges were apparently dismissed or rejected. The Trial Court can consider arrests, not just convictions, in determining an appropriate sentence. State v. Marks, 472 So.2d 601 (La.App. 3rd Cir.1985).
A review of this record indicates that not only is the defendant’s sentence not excessively harsh, it is, in fact, excessively lenient. The defendant was ultimately sentenced to serve only six months in the parish jail, less than the statutory minimum, for an offense that is both serious and of pressing concern in our society. While we recognize the defendant’s right to appellate review for excessiveness of his sentence as jurisprudentially mandated, this case represents an abuse of that right. Here the defendant pled guilty to the serious offense of possession of cocaine with intent to distribute. He, in fact, received the minimum sentence which was subsequently reduced so that he then, in essence, received a sentence below the minimum. The defendant could have been sentenced to a maximum term of thirty years in prison and fined up to $15,000.00. In light of the severity of the offense, the defendant’s sentence was not excessive, but was in fact very lenient. This assignment of error has no merit.
For the foregoing reasons the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See, State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983); State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.