liBROWN, Judge.
In June 1993, defendant, Michael Pegues, pled guilty to three separate forgery charges. In return for his guilty pleas, the state dismissed two other forgery charges and agreed to concurrent sentences. On October 14, 1993, Pegues, who was 32 years old, received three six year concurrent hard labor terms.
After the trial court denied his motion to reconsider, Pegues appealed, claiming that the sentences were -excessive and that the trial court failed to comply with the sentencing guidelines. All three charges were consolidated on appeal. Finding that the trial court applied the guidelines and articulated the sentencing considerations and further finding no constitutional excessiveness in the sentences imposed, we affirm.

DISCUSSION

These charges arose when defendant forged his mother’s signature to separate checks on January 3, May 9 and May 22, 1993. The checks were cashed at three different businesses. On each count, defendant was exposed to sentences of ten years at hard labor. LSA-R.S. 14:72. As a fourth felony offender, he faced an enhanced penalty of not less than twenty years. LSA-R.S. 15:529.1. Although less than the maximum permitted under the statute, the sentence imposed on each count was the maximum allowed by the guidelines. The record reflects that the trial court specifically considered and complied with the Felony Sentencing Guidelines.
When defendant pled guilty, he was a fourth felony offender and on probation. Defendant’s prior criminal history related to Rsimilar crimes of issuing forged and worthless checks. Moreover, defendant was on probation for forgery when two of the present charges were committed. Thus, prior efforts at rehabilitation were unsuccessful. After reviewing the record, the circumstances of the offense and the considerations articulated by the trial judge, we find the sentences imposed were clearly not excessive. State v. Winzer, 465 So.2d 817 (La.App. 2d Cir.1985); State v. Davis, 571 So.2d 210 (La.App. 3d Cir.1990); State v. Binion, 511 So.2d 43 (La.App. 3d Cir.1987).
Defendant’s assignments of error lack merit. For the foregoing reasons, defendant’s sentences are affirmed.
Affirmed.
LINDSAY, J., concurs in the result.